J. ANN M'ALLISTER, by her next friend Bulger, *against* HAMMOND.

Where an injury done to another by negligence, is both direct or immediate, and consequential, the party injured has an election either to bring case or trespass.

Thus, where the defendant so carelessly drove his horse and gig, as to run against the plaintiff, in the street, and knock her down; whereby she was injured, and became permanently lame; *held*, that *case* was a proper action.

CASE, for driving a horse and gig so negligently and un-skilfully, and so ignorantly and carelessly governing and guiding the horse and gig, as to run against the plaintiff, knock her down and injure her ; by means whereof she was rendered sick and lame ; and put to great expense in procuring surgical, and other aid and assistance. Plea, not guilty.

The cause was tried at the *New-York* circuit, *Februa-ry*, 13*th*, 1824, before EDWARDS, C. Judge.

It appeared at the trial, that the defendant was driving a gig through one of the public streets of the city of *New-York*, very fast. That the plaintiff, a child under two years of age, ran into the street after some pigs, which were running to the opposite side of the street ; and was observed by a woman at the window, who, seeing the gig approach, called to the defendant to stop ; which he did not do, until after the child was knocked down by the horse or wheel of the gig ; and that then the mother of the child raised the wheel with her shoulder, and rescued the child, and carried it into the house, whither she was followed by the defendant, who said he took it for a pig, and if he had killed it, he could have paid for it. He re-gretted the accident ; desired that a doctor might be sent for, and promised to pay all expenses. He called the next day, but not afterwards. The child's knee was badly in-

jured ; and notwithstanding the attendance of physicians, and careful nursing to the time of the trial, had assumed the form of a white swelling. The bones of the knee had united, the use of the joint was lost, the leg withered, and the child had become incurably lame.

M'Allister v. Hammond.

The plaintiff's counsel disclaimed all attempts to fix an imputation of wilfulness on the defendant ; whose counsel moved for a nonsuit, on the ground that the action should have been trespass.

Verdict for the plaintiff for $700, subject to the opinion of the court, on the point made by the defendant's counsel ; which was reserved by the judge.

*D. Graham*, for the plaintiff, said there is one distinction which has never been departed from by any of the cases : this is, that where the injury is immediately consequential, trespass should be brought; but where it is remotely so, case is the proper remedy. The doubt has been, where the damages are both immediate and consequential. In relation to such a state of facts, the cases are various. Sometimes they go on the intention with which the act is done ; at other times, on the force ; and again, on the question whether the defendant was personsonally engaged in it. (*Huggett* v. *Montgomery,* 5 *B. & P.* 446, *and the note to that case in the late ed. Rogers* v. *Imbleton,* 5 *B. & P.* 117. *Ogle* v. *Barnes,* 8 *T. R.* 188. *Turner* v. *Hawkins,* 1 *B. & P.* 472.) Where the consequential injury has been a sore, or wound, an action on the case has been allowed both in *England* and this country. (*Slater* v. *Baker,* 2 *Wils.* 359. *Adams* v. *Hemmenway,* 1 *Mass. Rep.* 145.) And it seems now to be settled in this court, indeed more clearly so than in any other, that where immediate and consequential damage both result from the injury, the party may elect to bring either trespass or case. (*Blin* v. *Campbell,* 14 *John. Rep.* 432. *Moran* v. *Dawes,* 4 *Cowen's Rep.* 412.) The plaintiff may waive the immediate, and go for the consequential injury ; (*id. Cro. Jac.* 122 ;) making the latter the sole cause of action. (9 *Rep.* 50.) This doctrine is

too well established by precedent to be now questioned. (4 *Rep.* 94.)

*D. B. Ogden*, contra, said he should not go into the cases on this subject. They are all cited in *Percival* v. *Hickey*, (18 *John.* 257,) where the court held, that though the injury was the result of negligence merely ; yet, being immediate, the action should be trespass, not case. The only decision to the contrary is *Blin* v. *Campbell.* That case was cited in *Percival* v. *Hickey* ; but it was not followed. It was decided without argument, on certiorari from a justice's court ; and evidently underwent much less consideration than the more important case of *Percival* v. *Hickey.* If that case be law, we contend that it settles the question. This action cannot be sustained.

*Graham*, in reply, denied that *Percival* v. *Hickey* settled the question. This court merely decided, in that cause, that trespass was preferable. It does not necessarily follow, that case would not lie. Beside, in that case, and the cases relied upon to exclude an action on the case, the whole damage was immediate. Consequential damage was out of the question.

*Curia, per* SAVAGE, Chief Justice. It was once important to ascertain whether trespass or case was the proper action. Originally, actions of trespass involved a breach of the peace ; and besides damages to the party, judgment of *capiatur* was entered, upon which the defendant was taken, a fine was imposed, and he was imprisoned till he paid both the fine and the damages.

It is still important to preserve the distinction between the actions, on account of the costs and the pleadings.

Whether the one or the other action is proper, has been often a puzzling question ; and decisions have not been uniform. The cases were principally reviewed by chief justice *Spencer*, in *Percival* v. *Hickey*, (18 *John.* 283.) In conclusion, he remarks, " I am perfectly satisfied, from a review of the cases, that if the defendant is liable at all, this action is appropriate : and that it ought to have been

trespass rather than case, as the injury was immediate, and from gross negligence."

The general principle established by this case, is, that whether trespass or case is the proper action, depends on the fact, whether the injury was immediate or consequential. Another principle is also recognized ; that if the injury is attributable to negligence, though it were immediate, the party injured has his election, either to treat the negligence of the defendant as the cause of action, and declare in case, or to consider the act itself as the injury, and to declare in trespass, as in *Blin* v. *Campbell*, (14 *John.* 432.) There this court held case the proper action for carelessly firing a pistol, and wounding the plaintiff's leg. And had trespass been brought in that case, the court say they would also have considered it appropriate.

In some cases either action may be maintained ; as where there is both an immediate and also a consequential injury.

Whether the act complained of was accompanied with force ; whether it was wilfully done ; whether by the defendant himself, or through the agency of another ; whether the act done was lawful ; these have all been attempted as *criteria* by which to determine the form of the action ; but have all been abandoned. (5 *B. & P. note.* 1 *Com. Digest, Day's ed.* 234, *where all the learning, and all the cases on this question are collected.*) There is in the last book, at page 244, an ingenious argument in favor of the indifferent use of the two actions at all events. We have the authority of lord *Ellenborough*, for saying, " It may likewise be worthy of consideration, whether in those instances where trespass may be maintained, the party may not waive the trespass, and proceed for the tort," (3 *Campb.* 188,) as you may bring trover for goods taken tortiously. (3 *Wils.* 336.)

In this case, the injury was occasioned by the negligence of the defendant. The damages were partly immediate, but principally consequential.

I consider the case of *Blin* v. *Campbell*, as recognized and established by *Percival* v. *Hickey* ; although in the

UTICA,
Aug. 1826.

latter case, trespass was adjudged the proper action rather than case. The courts of king's bench and common pleas in *England*, certainly do not think alike on that point; but in the decisions of this court, there is no discrepancy. In *Percival* v. *Hickey*, the whole injury was immediate; the destruction of the plaintiff's vessel. In the case of *Blin* v. *Campbell*, it was, as in this case, partly immediate and partly consequential.

Besides, the action on the case is altogether the most favorable to the defendant. He can make any defence, without the technicality of special pleading, and the plaintiff must recover a larger sum than in trespass, in order to carry costs. She has, therefore, in this instance, selected that form of action most unfavorable to herself; and there cannot be a doubt but this recovery may be pleaded in bar to an action of trespass, should it be hereafter brought for the same injury.

In my opinion, the plaintiff is entitled to judgment.

                  Judgment for the plaintiff.