## MOORE *v.* DRAYTON.

*(Supreme Court, General Term, Fifth Department.　October 23, 1891.)*

NEGLIGENCE—PLEADING—SURPLUSAGE,

　　In an action to recover damages caused by defendant's so driving on a highway as to overturn plaintiff's buggy, the complaint alleged that defendant "negligently, recklessly, and willfully so drove and managed his horses" as to cause the injury complained of. The case was tried on the theory that defendant was guilty of negligence. *Held,* that the words "recklessly and willfully" were mere surplusage, and plaintiff was not entitled to have submitted to the jury the question whether defendant's conduct was willful.

Appeal from circuit court, Livingston county.

Action by Ambrose Moore against Percival L. Drayton. From a judgment entered on a verdict for defendant, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Hubbard & Coyne,* for appellants. *Scott & Read,* for respondent.

LEWIS, J. The action was brought by the plaintiff against the defendant for negligently driving his team of horses upon the highway in such a manner as to overturn the plaintiff's wagon and injure him. The parties were driving in the same direction on the highway in the county of Livingston. They were both going to a horse show. The plaintiff was driving one horse with a top buggy, and had another person with him in his buggy. The defendant was driving four small horses or ponies, and driving a vehicle called a "break" or "drag." He had in his party eleven gentlemen and one lady.

The plaintiff gave evidence tending to show that the defendant drove up be-
hind him upon the highway, and, in attempting to pass, he carelessly and neg-
ligently drove his team in front of plaintiff's horse in such a manner as to
force his horse and buggy off the highway track and into the ditch, upsetting
the plaintiff's buggy and injuring the plaintiff.   The plaintiff gave some ev-
idence which slightly tended to show that the defendant intentionally drove
his team in front of the plaintiff and forced him into the ditch.   The defend-
ant and his witnesses gave a very different account of the transaction.   Their
version of it was that the defendant, in proceeding upon the highway going to
the fair, drove up behind the plaintiff, and made an attempt to pass him.
The plaintiff whipped up his horse, and so monopolized the highway as to
prevent defendant's passing.   The defendant repeated the attempt to pass
several times; the plaintiff managing to prevent his passing.   The defendant
finally put his ponies upon a run, and succeeded in getting his leaders ahead
of the plaintiff's horse, and his vehicle abreast the plaintiff's buggy; and, while
driving along side by side, the defendant, ascertaining that he was himself in
danger of running his vehicle into the ditch, pulled his team towards the mid-
dle of the road, and plaintiff's horse became frightened, shied into the ditch,
and upset the plaintiff, without any fault or negligence on the part of the de-
fendant.   While the defendant was giving his testimony, he dropped a re-
mark which the appellant insists was evidence that he intentionally drove in
front of the plaintiff, with the view of forcing him into the ditch; but, tak-
ing all of the defendant's testimony together, it tended to prove that he con-
ducted himself with care and prudence, and was not guilty of negligence, or
of any intention of injuring the plaintiff.   The jury, after listening to all the
evidence,—and there was a large number of eye-witnesses to the transaction,
who testified to what they claimed to have seen,—found a verdict for the de-
fendant.

The account given by the defendant and his witnesses absolved the defend-
ant from any negligence or misconduct, and the jury evidently believed their
testimony, and their verdict should not be disturbed unless there were errors
committed upon the trial requiring a reversal of the order appealed from.
The complaint alleged that the defendant negligently, recklessly, and willfully
so drove and managed his horses as to force the plaintiff into the ditch, and
upset him, etc.   The case was tried and presented to the jury by the trial jus-
tice upon the theory that the complaint was for negligence of the defendant.
He presented the case to the jury, in his charge, with great care and clear-
ness, and submitted to them the questions of fact as to the negligence of the
defendant, and as to whether the plaintiff was free from negligence contrib-
uting to his injuries.   At the close of the charge the plaintiff requested the
court to submit the question to the jury whether the conduct of the defendant
was not willful.   The court declined, and the plaintiff duly excepted, and
the appellant insists that this was error which entitles him to a new trial.
The complaint contained but one count.   The plaintiff was, therefore, not
entitled to have submitted to the jury two separate and distinct causes of ac-
tion.   After the submission of the claim of the plaintiff for the negligence of
the defendant, his request was to submit to the jury the cause of action for
willful trespass or assault.   This complaint was for negligence; and, after
stating the proper allegations in an action on the case for negligence, the
pleader added the words "recklessly and willfully."   They were not necessary
to make out a count for negligence.   They were surplusage, and were properly
treated as such.   If the plaintiff's act was intentional, he was guilty of an as-
sault, or assault and battery, and the action should have been in that form.
If unintentional, an action on the case for negligence was the proper remedy.
*Blin* v. *Campbell*, 14 Johns. 432; *McAllister* v. *Hammond*, 6 Cow. 345.
The same act cannot be said to be both negligent and willful.   In negligence,
whatever may be its grade, there is no purpose to do a wrongful act, or to

omit the performance of a duty. It is strictly non-feasance, not malfeasance. Gross negligence may be evidence of bad faith, but it is not the same thing. Shear. & R. Neg. § 3, and authorities cited in marginal note. If the defendant's acts were willful, then the intention to injure the plaintiff was present in his mind, and it was not a negligent act. The appellant, however, contends that he was entitled to have his request charged, with the view of the recovery of exemplary damages. The answer to this claim is that, as defendant's willfulness was not a factor in establishing the charge of negligence, and the jury having found the defendant free from negligence, and the plaintiff consequently not entitled to any damages, he certainly could not be entitled to exemplary damages. If the plaintiff claimed that his evidence sustained a cause of action for trespass or assault, he should have requested the court to be permitted to withdraw the claim for negligence; for he was not entitled to recover for both causes of action. The evidence undoubtedly satisfied the jury that the plaintiff's conduct in endeavoring to prevent the defendant from passing him excited and frightened his own horse, as well as the horses of the defendant, and that the defendant, under the circumstances in which he was placed by the plaintiff, managed the team to the best of his ability, and that the plaintiff's injuries were not the result of any negligence on the part of the defendant; and our examination of the evidence satisfies us that the jury came to a correct conclusion, and we find nothing in the exceptions of the plaintiff which should cause a reversal of the order. Hence the order appealed from should be affirmed, with costs of the appeal against the appellant. All concur.