GEORGE R. HUTCHINSON *v.* TOWN OF CONCORD.

*Highways.  Coasting.*

Towns are not liable for injuries to travelers by coasting on sleds in highways. This is not an insufficiency of a highway, within the meaning of the statute which renders towns liable for injuries by reason of insufficiencies, though the selectmen neglected to forbid coasting.

ACTION on the case for damages sustained by the plaintiff on a highway in the town of Concord. Plea, the general issue. Trial by jury, September term, 1867, STEELE, J., presiding.

The following are the facts which the plaintiff's evidence tended to establish. On the evening of the 4th day of February, 1865, as the plaintiff was walking with all proper care at the foot of a hill in one of the principal streets of the village of West Concord, which street was a portion of the public highway, which the defendants were bound to keep in repair, he was suddenly overtaken and hit by a sled on which a boy, to him unknown, was coasting or sliding. By the force of the blow the plaintiff was thrown to the ground, his leg broken, and his hip so crushed as to render him a cripple for life. The plaintiff in due season claimed damages of the defendants. For some weeks previous to this acci-

dent, the school-children of the village had been in the habit of coasting upon this hill in the street, by day and by night, to such an extent as to endanger the lives and the property of the traveling public. The selectmen of the defendant town were aware of this, but took no steps to forbid or prevent coasting in the streets, until after the accident. The accident did not arise from any want of repair in the surface of the highway, but did arise from the plaintiff's being struck by the sled.

The plaintiff claimed that the town were liable because they had neglected to forbid coasting upon this street; but the court ruled otherwise, and directed a verdict for the defendants, to which the plaintiff excepted.

*Jonathan Ross*, for the plaintiff.

The sufficiency or insufficiency of a highway is a fact to be found by the jury. *Swift* v. *Newbury*, 36 Vt., 355; *Cassedy* v. *Stockbridge*, 21 Vt., 391. And the court erred in ordering a verdict for the defendants, unless the court proceeded upon the ground that the plaintiff produced no evidence tending to show the highway at the place where the plaintiff received his injury, insufficient or out of repair. Hence arises the question, what is an insufficiency in a highway? Among the decisions of this court, giving, in a measure, an answer to this question, are the following: *Glidden* v. *Reading*, 38 Vt., 52; *Lester* v. *Pittsford*, 7 Vt., 158; *Hunt and wife* v. *Pownal*, 9 Vt., 411; *Kelsey* v. *Glover*, 15 Vt., 708; *Green* v. *Danby*, 12 Vt., 338; *Rice* v. *Montpelier*, 19 Vt., 470; *Willard* v. *Newbury*, 22 Vt., 458; *Barton and wife* v. *Montpelier*, 30 Vt., 650.

*Thomas Bartlett*, for the defendants.

The opinion of the court was delivered by

PECK, J. The injury for which the plaintiff seeks to recover, was caused by being hit by a sled with which a boy was coasting upon the highway along which the plaintiff was walking, in the village of West Concord. It is stated in the exceptions, that "The accident did not arise from any want of repair in the sur-

face of the highway, but did arise from the plaintiff's being struck by the sled." It is further stated that "the plaintiff claimed that the town were liable because they had neglected to forbid coasting upon that street." The proposition of the plaintiff's counsel is that the town are liable by force of the statute subjecting towns to liability for any special damage which shall happen by means of the insufficiency, or want of repair, of highways and bridges. The case entirely negates the idea that the injury happened by means of any insufficiency, or want of repair, of the highway, unless the boy, while coasting with his sled, taken in connection with the culpable omission of the selectmen to forbid it, was an insufficiency, or want of repair, of the highway, within the meaning of the statute. It is difficult to construe the act of coasting on the highway, as an insufficiency of the highway itself, although it be in a locality where it is dangerous to the traveling public. The sufficiency or insufficiency of a highway, or its state of repair, has reference to its *condition*, and not to the *manner* in which a person travels it. It is claimed that the persons with their sleds in coasting, constitute physical obstructions which are insufficiencies, or want of repair, for which the town may be held liable, if a traveler is injured by contact with such obstructions. It is true that towns may be liable for damages by obstructions placed in the highway by others without any agency of the town or its officers, such as a log, wood, timber, or stone, if the town negligently suffers such obstructions to remain, exposing the traveler to danger. But in such case the road, with such objects resting upon it, is thereby rendered insufficient or out of repair; and the town has the power to restore it to its proper condition by removing the obstructions which have been unlawfully placed there. But as to the boys with their sleds upon the road, it is quite different. It is not made unlawful by the statute, to travel upon the highway with such sleds, nor are the selectmen empowered to prohibit it. The selectmen are only empowered to prohibit one mode of use of such sleds, or like vehicles, upon the highway; that is, coasting; and then only when and where, in their opinion, the traveling public is, or is likely to be, endangered by it. Thus the power given to the selectmen by this

statute, does not extend to removing obstructions from the highway which are not unlawfully there, but merely to forbid persons, though lawfully upon the highway with sleds or other vehicles used in coasting, to use them in that manner. So that the mere fact of the sled's being on the highway, can not be said to be an unlawful obstruction, whether coasting has been prohibited by the selectmen, or not; and the act of coasting with it can not constitute an insufficiency, or want of repair, within the statute, giving the right of action against towns. The power given to, and the duty imposed upon, the selectmen by the statute relating to coasting on the highway, do not pertain to the question of the sufficiency, or state of repair, of the highway, but to the *conduct* of persons while in the use of it; therefore the omission of duty by the selectmen can not make coasting an insufficiency, or want of repair. When this statute was passed, in 1859, it could not have been intended as altering the then existing law as to what would constitute a good and sufficient highway in good repair. This statute, when acted under by the selectmen, is in the nature of a police regulation to prevent a particular use of the highway which is deemed dangerous to travelers. It is of the same character as an ordinance against fast driving would be, if the selectmen were authorized and required to pass such ordinances where the safety of persons required it. It is clear that an injury resulting to one by fast driving by another, could not be imputed to an insufficiency, or want of repair, of the highway, and thus make the town chargeable, merely because the selectmen culpably neglected to make such ordinance. Nor can the town be made liable in this case for the neglect of the selectmen to prohibit coasting on the street in question. As the injury to the plaintiff was caused by the sled on which the boy was coasting or sliding, by which he was suddenly overtaken and forcibly struck, and was not in any way attributable to any insufficiency, or want of repair, of the highway, we see no ground upon which the town can be chargeable.

It is claimed in argument by the plaintiff's counsel, that there is a mistake in the exceptions in stating that the plaintiff claimed that the town were liable because they had neglected to forbid

coasting upon that street, and is insisted that the town are liable on the ground that the coasting, as stated in the case, was an insufficiency which renders the town liable, and that the town would be liable even if the selectmen had seasonably prohibited coasting. We have given the plaintiff the full benefit of every legal ground in his favor presented by the evidence, without being confined to any particular ground of claim made in the county court, and we are all agreed that the ruling of the county court was right, and that, upon the evidence in the case, there was nothing to be submitted to the jury.

Judgment affirmed.