## Spruille Burford v. City of Grand Rapids.

*Coasting on public streets—Liability for injuries.*

1. A municipal ordinance permitting a particular street to be coasted on does not make the city liable for any injuries that may result from the coasting to persons on the street; their right of action is against the person inflicting the injury.

2. Coasting on a public street is not necessarily a nuisance; and as under some circumstances it would be proper to allow it, the licensing of such a use of a street is within the legislative and governmental discretion of the municipal council, and this discretion cannot be judicially reviewed in the absence of any provision that it may be.

3. Legislative power is governmental and discretionary, and no action as for a tort can be based upon any exercise of it unless such exercise would itself be tortious if the act of a natural person.

4. The legal safe-guards of property exist against the State or the municipality as well as against individuals; they have no more power than a private citizen to deprive an owner of his possessions.

5. Persons using public highways must use them with care and a due regard for the rights of others; and those who use them for the customary purposes of travel and passage have the first right, and their use must not be obstructed unless under exceptional circumstances.

Case made from the Superior Court of Grand Rapids. (Parrish, J.)   February 1.—March 6.

CASE.   Plaintiff brings error.   Affirmed.

*Fred A. Maynard,* for appellant, cited as coasting cases: *Steele v. Boston* 128 Mass. 583 ; *Cole v. Newburyport* 129 Mass. 594 ; *Schultz v. Milwaukee* 49 Wis. 254 ; *Altvater v. Baltimore* 31 Md. 462 ;  a municipal corporation is liable for a wrongful act done within the scope of its authority : 2 Dill. Mun. Corp. § 971 ; *Thayer v. Boston* 19 Pick. 511 ; *Donnelly v. Tripp* 12 R. I. 97 ; *Weet v. Brockport* 16 N. Y. 170 *n* ; *Lee v. Sandy Hill* 40 N. Y. 451 ; *Wendell v. Troy* 39 Barb. 336.

*J. W. Ransom* for appellee.   A municipality is not liable for the manner in which it has in good faith exercised its legislative powers : Dill. Mun. Corp. §§ 39, 753 ; *Detroit v. Blackeby* 21 Mich. 84 ; *McCutcheon v. Homer* 43 Mich. 483 ; *Detroit v. Putnam* 45 Mich. 263 ; *Pray v. Jersey City* 32 N. J. 394 ; *Steele v. Boston* 128 Mass. 583 ; *Clark v. Waltham* Id. 567 ; *Oliver v. Worcester* 102 Mass. 489 ; and certainly not if the act is not within its power : *Albany v. Cunliff* 2 N. Y. 165 ; *Fowle v. Alexandria* 3 Pet. 398 ; *Duke v. Rome* 20 Ga. 635 ; *White v. Yazoo City* 27 Miss. 357.

COOLEY, J.   In this case the defendant had judgment on demurrer to the plaintiff's declaration, and the plaintiff appeals.

The action is trespass on the case, and the grievance complained of is that the defendant city, having by its charter full and complete authority to keep the public streets therein in repair, to remove nuisances therefrom, to regulate amusements therein, and to prevent any unlawful, improper and dangerous use thereof, did, in the attempted exercise of its powers, at a meeting of its common council, held December 11, 1882, designate and set aside Fountain street as one of a number of public streets and highways in said city in which the unlawful and dangerous sport and amusement of coasting and commonly called sliding down hill, could be engaged in by all persons desiring to participate in the same ; that on

December 14, 1882, said street was covered with snow and ice, and a large number of men and boys, in pursuance of the permission of the defendant so given, did assemble on said Fountain street, and did then and there engage and participate in the said sport or amusement, and did so obstruct the said street by means thereof as to hinder and prevent ordinary travel and passage over and upon the same, and to cause a public nuisance; and a valuable horse of the plaintiff, which he was then driving with due care on said street, was run into by one of the vehicles then and there used in coasting, and called a bob, upon which were a number of men and boys, and was seriously and permanently injured and disabled.    The sole question in the case is whether the declaration sets forth any cause of action against the city for this injury.

The wrong attributed to the city is that, through its common council, it gave permission for the use of Fountain street for the amusement of coasting.   This permission was given in assumed exercise of the legislative power conferred upon the city to control the use of the streets, and the action raises the question whether a municipal corporation can be liable as for a tort, for injurious consequences resulting from an exercise of its legislative authority.   Legislative power, whether held by the law-making authority of the State, or by municipal bodies, is in its nature governmental and discretionary, and it is conceded by counsel for the plaintiff that, as a general rule, a right of action as for a tort will not arise from any exercise of discretion in respect to it.   This general rule has been several times acted upon in this State : *Gale v. Kalamazoo* 23 Mich. 344: s. c. 9 Am. Rep. 80; *Pontiac v. Carter* 32 Mich. 164; *Detroit v. Beckman* 34 Mich. 125 : s. c. 22 Am. Rep. 507; *Lansing v. Toolan* 37 Mich. 152; *Toolan v. Lansing* 38 Mich. 315.   It has also been very generally applied elsewhere, under circumstances almost innumerable in variety, as the following cases, among many others, will show : *Governor &c. v. Meredith* 4 Term 796; *Smith v. Washington* 20 How. 135; *Transportation Co. v. Chicago* 99 U. S. 635; *Wilson v. New York* 1

Denio 595: s. c. 43 Am. Dec. 719; *Mills v. Brooklyn* 32 N. Y. 489; *Masterton v. Mount Vernon* 58 N. Y. 391; *Smith v. Mayor &c.* 66 N. Y. 295: s. c. 23 Am. Rep. 53; *Creal v. Keokuk* 4 Greene (Iowa), 47; *Kelley v. Milwaukee* 18 Wis. 83; *O'Connor v. Pittsburgh* 18 Penn. St. 187; *Fair v. Philadelphia* 88 Penn. St. 309: s. c. 32 Am. Rep. 455; *Vincennes v. Richards* 23 Ind. 381; *Roll v. Indianapolis* 52 Ind. 547; *Lee v. Minneapolis* 22 Minn. 13; *Alden v. Minneapolis* 24 Minn. 254; *Lynch v. Mayor &c.* 76 N. Y. 60; *Dorman v. Jacksonville* 13 Fla. 538: s. c. 7 Am. Rep. 253; *Simmons v. Camden* 26 Ark. 276: s. c. 7 Am. Rep. 620; *Fellowes v. New Haven* 44 Conn. 240: s. c. 26 Am. Rep. 447; *Cheever v. Shedd* 13 Blatchf. 258. Some of these were cases in which it seemed very plain that the local legislature had seriously misjudged the public interest in the action it had taken; but the fact remained that the question of discretion had been submitted to its judgment, and not to that of any other tribunal; and when it had acted, the decision was of necessity final. Cases like *Hoyt v. Hudson* 27 Wis. 656; *Carr v. Northern Liberties* 35 Penn. St. 324; *Lynch v. Mayor* 76 N. Y. 60; *Evansville v. Decker* 84 Ind. 325; and *Wakefield v. Newell* 12 R. I. 75: s. c. 34 Am. Rep. 598, in which, in consequence of the failure to provide sufficient sewerage for the streets, the adjoining proprietors were seriously damnified, illustrate the rule in a very clear and strong light, as do also some of the cases in which reasonable and prudent regulations for the public benefit and protection had been suspended temporarily, or in particular cases, to the detriment of individual citizens. Thus, a city was held not liable for licensing the construction of a wooden building within its fire limits, from the erection of which, as the plaintiff averred, his own building took fire and was destroyed: *Forsyth v. Atlanta* 45 Ga. 152: s. c. 12 Am. Rep. 576; see *Wheeler v. Cincinnati* 19 Ohio St. 19: s. c. 2 Am. Rep. 368; or for suspending an ordinance forbidding cattle being at large in the streets, in consequence of which the plaintiff was gored by a vicious ox: *Rivers v. Augusta* 65 Ga. 376: s. c. 38 Am. Rep. 787; or for suspending an ordi-

nance forbidding the use of fireworks within the city, the
plaintiff's house having been burned by the explosion of fire-
works during the suspension : *Hill v. Charlotte* 72 N. C. 55 :
s. c. 21 Am. Rep. 451 ; or for arranging for a parade of the
fire department by stretching a rope across the street, with
which the plaintiff came into collision : *Simon v. Atlanta* 67
Ga. 618 : s. c. 44 ·Am. Rep. 739.

But, on the other hand, if the act which is done by a
municipal corporation would be tortious if done by a natural
person, the corporation is held liable for it to the same extent,
and for the same reasons that the natural person would have
been.     The legal protections of property are the same
against artificial persons as against others, and the state itself,
or any one of its municipalities, has no more power to
deprive the owner of his possessions than has the private
citizen.    It has therefore been held that though a city is not
responsible because of any failure to provide proper sewerage,
yet, if the effect of the construction of one of its public
works shall be to collect water and cast it upon the land of
an individual where it would not otherwise flow, the city is
liable : *Ashley v. Port Huron* 35 Mich. 296 : s. c. 24 Am.
Rep. 552, and cases cited ; *Rhodes v. Cincinnati* 10 Ohio 159 ;
*Turner v. Dartmouth* 13 Allen 291 ; *Wilson v. New Bed-
ford* 108 Mass. 261 : s. c. 11 Am. Rep. 352 ; *Byrnes v.
Cohoes* 67 N. Y. 204 ; *Inman v. Tripp* 11 R. I. 520 : s. c.
23 Am. Rep. 520 ; *Thurston v. St. Joseph* 51 Mo. 510 : s. c.
11 Am. Rep. 463 ; *Gillison v. Charleston* 16 W. Va. 282 :
s. c. 37 Am. Rep. 763 ; *Templin v. Iowa City* 14 Iowa 59 ;
*Ellis v. Iowa City* 29 Iowa 229 ; *Ross v. Clinton* 46 Iowa
606 : s. c. 26 Am. Rep. 169 ; *Van Pelt v. Davenport* 42
Iowa 308 : s. c. 20 Am. Rep. 622 ; *O'Brien v. St. Paul* 25
Minn. 333 : s. c. 33 Am. Rep. 470 ; *Dixon v. Baker* 65 Ill.
518 : s. c. 16 Am. Rep. 591 ; *Indianapolis v. Lawyer* 38
Ind. 348 ; *Indianapolis v. Tate* 39 Ind. 282 ; *Weis v. Madi-
son* 75 Ind. 241 : s. c. 39 Am. Rep. 135.    So, though a city
is not liable for a consequent diminution of the value of
adjacent property resulting from the grading of a street,
*Pontiac v. Carter* 32 Mich. 164, yet if, in the grading, earth

is thrown upon the lands of individuals, this is a trespass for which the city must respond : *Hendershott v. Ottumwa* 46 Iowa 658 : s. c. 26 Am. Rep. 182. See *Stack v. East St. Louis* 85 Ill. 377 : s. c. 28 Am. Rep. 619. And a city has no more right to obstruct a water-course to the prejudice of riparian proprietors than has any individual : *Lawrence v. Fairhaven* 5 Gray 110. In Iowa it has been held that if a city which, under its charter, has no power to grant permission for the use of a steam-motor on its streets, shall nevertheless assume to do so, and the motor is used, and a horse is frightened thereby, the city will be liable in damages. *Stanley v. Davenport* 54 Iowa 463 : s. c. 37 Am. Rep. 216. And in Wisconsin it is held that any dangerous and illegal use of a city street under the license of its common council will be a nuisance for the consequences of which the city must respond. *Little v. Madison* 42 Wis. 643 : s. c. 24 Am. Rep. 435; and 49 Wis. 605. And it has been held by this Court that it was no defense to a suit against a village for a trespass committed by its marshal under the orders of the common council, that the council was acting under a claim of right upon a subject over which it had general jurisdiction under the village charter. *Sheldon v. Kalamazoo* 24 Mich. 383. The same doctrine is recognized in *Buskirk v. Strickland* 47 Mich. 389.

Counsel for the plaintiff contends that these cases should rule the one at bar ; that the common council, by the permission it gave for the use of Fountain street for coasting, licensed a nuisance in a public highway, and that the city is responsible precisely as it would be if the nuisance had been caused under its command and by its agents. *Schultz v. Milwaukee* 49 Wis. 254 : s. c. 35 Am. Rep. 779, is supposed to support this view ; as does also, very strongly, *Mayor &c. v. Marriott* 9 Md. 160. If it were unquestionable that coasting upon a public highway was always a nuisance, there would be much plausibility in this contention, and perhaps it should be accepted as sound. But in *Hutchinson v. Concord* 41 Vt. 271, and again in *Faulkner v. Aurora* 85 Ind. 130 : s. c. 44 Am. Rep. 1, it was taken for granted that

coasting upon a public way, when not expressly prohibited
by law, might be entirely innocent; and we do not see how
the contrary could well be held.   It has been decided in
several cases that a municipal corporation, charged by statute
with the duty of keeping the public ways in repair, cannot
be held chargeable with the consequences of coasting upon
its roads, on the ground of this use of them constituting a de-
fect.   *Shepherd v. Chelsea* 4 Allen 113; *Pierce v. New Bed-
ford* 129 Mass. 534: s. c. 37 Am. Rep. 387; *Hutchinson v.
Concord* 41 Vt. 271; *Faulkner v. Aurora* 85 Ind. 130: s. c.
44 Am. Rep. 1; *Ray v. Manchester* 46 N. H. 59.   These
cases are not questioned or criticised by counsel for the
plaintiff.   But coasting does not necessarily interfere with
the customary use of the street, and might be indulged in
with no serious inconvenience to any one, not only in many
places in the country towns, but even within the limits of
incorporated cities and villages.   We are accustomed to make
our public ways four rods in width, but it is not expected
that the whole four rods will be occupied for travel, and it
is possible to make use of parts of the public highways, with-
out encroaching at all upon the portions kept in repair and
used for passage.   It is also true, throughout the interior
and western states, if not in those bordering on the Atlantic,
that in laying out towns streets are dedicated to the public
which there may for many years be no occasion to improve
for travel, and they become for some time mere open spaces
for the sports and recreations of those who may see fit to make
use of them.   It could not be seriously contended that for
the municipal authorities to permit coasting upon such a street
would be to license a public nuisance.   On the contrary, as
the sport itself is healthful and exhilarating, it seems emi-
nently proper, if the street is not put to other public use,
that this diversion be allowed, if not expressly sanctioned.
The sport itself is not entirely foreign to the purposes for
which public ways are established; for the use of these ways
for pleasure riding is perfectly legitimate, and coasting is only
pleasure riding in a series of short trips repeated over the
same road, not differing essentially from the riding in

sleighs of which so much is seen on some of the streets of northern cities, when suitable weather and proper condition of roads invite to this enjoyment.

If coasting upon a public highway is not necessarily a nuisance, it would seem plain that the public authorities having the care and superintendence of highways, and whose duty it is to prevent nuisances or to abate them, must have some discretion to determine when and where the sport should be allowed in the public roads, and when and where forbidden. The common council of a city has frequent occasion to exercise a like authority; the streets must of necessity be used, even in the most compactly built parts of a city—perhaps most often there—for many purposes besides travel and business traffic, and it has never been supposed that licensing such use would render the city liable on any common-law principle. In some cases there may be a statutory liability; but it is not claimed that there is any statute in this State which will render the .city liable for the action of its legislature in licensing the use of a street for coasting, or that this plaintiff has any remedy unless it is given by the common law. The case presented then, would seem to be this: The common council, having full control of the streets, has licensed the use of a particular street in a particular way differing from the ordinary use. In doing so it must be supposed to have determined that the use in that way will not interrupt or interfere with such customary use of it for passage or travel as the public may have occasion for. The decision to this effect is made in the exercise of its discretionary and governmental authority over a subject · confided by the state to its judgment, and is presumptively correct. But, whether correct or not, no appeal from the judgment to court and jury has been provided for, and therefore none can be had. An indirect appeal by suit against the city to establish a liability against it for an erroneous legislative determination is not only not provided for, but it would be opposed to a principle as well settled and as familiar as any in government.

It would not follow that parties acting under the permis-

sion would not be liable. Any person making use of the public highways must use them with care, and must have due regard to the rights of others. Those having occasion to use them for the customary purposes of travel and passage have the first right, and their use must not be obstructed except under circumstances that are quite exceptional, and that make out a clear excuse. Whether there were such circumstances in this case we do not know, as we have before us such facts only as are given in the declaration. We agree with the circuit judge that no case is made out against the city, and no further question is before us.

The judgment must be affirmed.

The other Justices concurred.