ISAAC JACKSON *vs.* WILLIAM P. CASTLE.

Waldo.    Opinion January 28, 1888.

*Nuisance.    Pleadings.*

To enable one to recover the damages sustained by his horse taking fright at persons sliding in the street with boisterous conduct, he must allege the facts constituting a nuisance and show that it was the proximate cause of the damage.

Declaration given which was held insufficient.

ON report.

This case was reported to the law court upon a copy of the writ, with the agreement that if the action could be sustained upon the allegations contained in the declaration the case should stand for trial, otherwise a nonsuit should be entered.

(Declaration.)

"In a plea of the case, for that the plaintiff, to' wit: On the fifteenth day of December, A. D. 1884, at said Belfast, while in the exercise of his vocation, was then and there lawfully in and upon a certain public way in said city called Miller street, with his two horses and sled, and that the said defendant and others, to the number of seven or more, were then and there sliding and coasting, with two or more sleds connected together, upon and down the sidewalk on said street, contrary to law, and then and there, within the limits of said street, made a loud noise by outcries and hallooing, contrary to law, and that by reason of said sliding and loud noise, the horses of him, the said plaintiff, became frightened and ran furiously down said street and struck against a tree with such force that his sled and harnesses were broken, and one of said horses so much injured as to render him worthless, and that it was necessary to kill him, to the damage of said plaintiff, as he saith, the sum of three hundred dollars."

*Joseph Williamson*, for the plaintiff.

The public have a right to require that whoever uses the limits

of the highway for any purpose, should make such reasonable use of it as not unnecessarily to place objects there to frighten horses. *Winship* v. *Enfield*, 42 N. H. 211.

There can be no question that an individual who does anything likely to frighten the horse of a traveller, is liable in damages for the injuries caused thereby. Shearman and Redf. on Neg. § 388.

So, one who carelessly fired a gun, by which the plaintiff's horse, standing on the opposite side of the road, became frightened and ran away, was held responsible. *Cole* v. *Fisher*, 11 Mass. 137.

The act of exploding fire crackers in a public street, even on the fourth of July, is wrongful, and if any injury results therefrom, the injured party has a remedy against the wrong doer. *Conklin* v. *Thompson*, 29 Barb. 218.

Upon the same principle, the use of a highway for playing ball has been adjudged as foreign to its appropriate purpose, and a passer who was struck by the ball recovered damages. *Vosburgh* v. *Moak*, 1 Cush. 453.

Although modern decisions have extended the legitimate uses of streets beyond any purpose contemplated in the days of Blackstone, by determining as in *Purple* v. *Greenfield*, 138 Mass. 1, that it cannot be laid down "as an universal proposition that any and every use of any kind of velocipede upon the sidewalk is unlawful," or as in *Taylor* v. *Goodwin*, Q. B. Div. 1879 (Am. Law Rev. 13, 770) that a bicycle is a carriage, and thereby placed upon an equal with vehicles drawn by horses, they have not yet gone to the extreme point that sliding down the sidewalk of a city street is a legitimate mode of passage. ".Streets are not proper places for the recreation of sliding down hill," is the language of this court in *McCarthy* v. *Portland*, 67 Maine, 168 ; and in *Ray* v. *Manchester*, 46 N. H. 60, which was an action against the city to recover for injuries occasioned by boys sliding for sport in the street, the opinion adverts to "the fact that this sliding was a public nuisance." A similar Massachusetts case, *Shepherd* v. *Chelsea*, 4 Allen, 113, refers to sliding as "an unlawful or careless act." Although "sliding

down on the way to business or school," might, under circumstances, be a rightful use of the sidewalk, the allegation that the defendant was acting "contrary to the law," destroys any such presumption in his favor. If the outcries and hallooing contributed to the result charged, they were equally illegal with the sliding. A right of way cannot be thus abused. It has been held a trespass for one to stand upon a street and insult another by words. *Adams* v. *Rivers*, 11 Barb. 390.

A statute which does not give the action, but is only in affirmance of the common law, need not be recited. Bac. Ab. Pleas. &c. B. 5, 3.

"But a private act of parliament, or any other private record, may be brought before the jury and given in evidence if it relates to the issues in question, though it be not pleaded; for the jury are to find the truth of the fact in question, according to the evidence brought before them." Esp. N. P. 733 (citing Hobart's Reports, 272, and Croke, *in tem.* James, 112).

If the act prohibited by statute is an offence or ground of action at common law, the indictment or action may be in the common law form, and the statute need not be noticed, even though it prescribe a form of prosecution or of action. The statute remedy is merely cumulative. *Andrew* v. *H. De Lewkner*, Yelv. 116, note (1).

In an action by a town to recover the price of a right of fishing, sold by them under an authority derived from a statute, it is not necessary to set forth in the declaration their authority to make the sale. *Taunton* v. *Caswell*, 4 Pick. 275.

Private statutes may be proved, though not set out in pleading, where it is necessary to state them as part of the cause of action. *Atlantic Ins. Co.* v. *Sanders*, 36 N. H. 252.

Even in an action on the case upon a statute, brought by a party aggrieved, to recover damages merely, it is not necessary to allege in the declaration that the injurious act or neglect of the defendant was *contra formam statuti.* *Reed* v. *Northfield*, 13 Pick. 94.

*William H. Fogler*, for defendant, cited : 1 Wait's Actions

and Defences, 146 ; *Graves* v. *Shattuck*, 35 N. H. 257 ; *Com.* v. *Byrnes*, 126 Mass. 248 ; *State* v. *Connelly*, 63 Maine, 212 ; *Murphy* v. *Deane*, 101 Mass. 455 ; *Dickey* v. *Maine Tel. Co.* 43 Maine, 492 ; 1 Chitty, Pl. 214 ; *Nichols* v. *Athens*, 66 Maine, 402 ; *Blodgett* v. *Boston*, 8 Allen, 237 ; *Tighe* v. *Lowell*, 119 Mass. 472.

HASKELL, J. Does the plaintiff's declaration set out a cause of action? It charges in substance that the plaintiff, being lawfully in a public street with his two horse team, suffered special damage in the loss of a horse by reason of both horses taking fright at the defendant's sliding in the same street with others engaged in boisterous outcries incident to their sport.

Sliding in a street accompanied with boisterous conduct is not necessarily unlawful. Nor is it necessarily a public nuisance. The averment that defendant's acts were "contrary to law" does not help the plaintiff's case. It is merely a conclusion that he draws from the facts stated. If the facts do not warrant it, the court cannot adopt it.

Sliding in a street, accompanied with boisterous conduct calculated to frighten horses lawfully travelling therein, may be a public nuisance ; but there is no such averment in the declaration. Sliding may be prohibited in streets by a city ordinance, and a violation of the same would be evidence tending to show negligence. If the plaintiff would recover, he must show negligent or unlawful conduct to be the proximate cause of his injury.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.