HAZEL HARRIS, Administratrix, Appellant, v. CITY OF DES MOINES, Appellee.

MUNICIPAL CORPORATIONS: Streets—Governmental Powers—Unguarded Street Set Aside for Coasting. A city which temporarily sets aside a public street for coasting purposes is not liable in damages for an injury resulting to a person so using the street, from his coming in contact with an automobile which the city had failed to exclude from the street. (See Book of Anno., Vol. 1, Sec. 5945, Anno. 85 *et seq.*)

Headnote 1: 28 Cyc. p. 1357 (Anno.)

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JUNE 21, 1926.

Action in tort, to recover damages for the alleged wrongful death of plaintiff's decedent from injuries sustained while coasting on one of the streets of the defendant-city. A demurrer to the petition was sustained. Plaintiff appeals.—*Affirmed.*

*G. F. Brooks* and *George Mitchell Faul,* for appellant.

*Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver,* and *Don G. Allen,* for appellee.

DE GRAFF, C. J.—The defendant-city challenged, by demurrer, the plaintiff's cause of action, on the primary ground that the patrolling or guarding of a public street, temporarily set aside by the superintendent of public safety for coasting purposes, is a matter involving the exercise of a governmental, or police, power, and for any injury arising therefrom the city is not liable. The trial court sustained the demurrer. It is to this ruling that the appeal is directed.

This is a suit by the administratrix, to recover damages for the death of Harold Harris, a boy about eight years of age, who was killed February 17, 1923, by colliding with an automobile while he was coasting on Twenty-fifth Street in the defendant-city.

It is alleged by plaintiff in her petition that, prior to the accident in question, John MacVicar, a duly elected and qualified councilman of the city of Des Moines, acting in the official capacity of superintendent of public safety of said city, temporarily set aside and appropriated Twenty-fifth Street, between Chester and Pleasant Streets, for use by the children in that neighborhood for coasting, and at said time issued orders to the officers in his department to set aside and appropriate said street between said intersections for coasting purposes; and that, pursuant to said orders, placards were caused to be placed at the intersecting streets along Twenty-fifth Street, between Chester and Pleasant Streets, announcing that said street was reserved for coasting; that he also caused notices to be published in cer-

tain papers of general circulation in Des Moines, apprising the public that said street had been reserved for such purpose; and that, pursuant to the said orders of the superintendent of public safety, guards were stationed at the intersecting streets on said Twenty-fifth Street, presumably to divert traffic, and more especially automobiles, from the use of said street during the time it was used for coasting.

It is further alleged that the authority of the superintendent of public safety is found in Section 1200 of the ordinances of said city, to wit:

"The department of public safety shall have and exercise all powers and duties in relation to the management of street traffic in the city of Des Moines."

The negligence, as pleaded, is to the effect that the defendant-city permitted a dangerous condition to arise on said street, and failed to guard and to barricade or rope off said street at the time of the accident, so as to prevent automobiles or other vehicles from entering upon said street while it was being used for coasting purposes.

On the threshold of this case, it is well to observe that we are not dealing with a liability resulting from a defect in the condition of a street. The condition of a street is one thing, and the manner of its use by the public is quite another thing. A municipality does not guarantee its citizens against all casualties incident to humanity, and cannot be called upon to compensate, by way of damages, its inability to protect against all accidents and misfortunes. See *Jones v. City of Williamsburg*, 97 Va. 722 (34 S. E. 883, 47 L. R. A. 294); 6 McQuillin on Municipal Corporations, Section 2771.

It may be further observed that the doctrine of nuisance is not involved in the instant case, and the decisions bottomed on this theory are not applicable. See *Wheeler v. City of Fort Dodge*, 131 Iowa 566; *Stokes v. City of Sac City*, 162 Iowa 514. We recognize that the creation and maintenance of a nuisance do not constitute a governmental function. *Fitzgerald v. Town of Sharon*, 143 Iowa 730. The pleaded damage is predicated on the defendant's negligence, for which the plaintiff is entitled to recover, if at all.

It is said in *City of Lafayette v. Timberlake*, 88 Ind. 330:

"The manner in which a highway of a city is used is a

different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental, and not corporate, powers, and the authorities are well agreed that for a failure to exercise legislative, judicial, or executive powers of government, there is no liability."

This is the declared rule in this state. *Ball v. Town of Woodbine,* 61 Iowa 83; *Heller v. Town of Portsmouth,* 196 Iowa 104.

The democracy of a public highway or a street is judicially set forth in *Roennau v. Whitson,* 188 Iowa 138, and it is expressly recognized that coasting on a public street is not such an act as to constitute a public nuisance. This thought is expressed in the courts of last resort in many of our sister states.

"It could not be seriously contended that for the municipal authorities to permit coasting upon such a street would be to license a public nuisance." *Burford v. City of Grand Rapids,* 53 Mich. 98 (18 N. W. 571).

See, also, *Jackson v. Castle,* 80 Me. 119 (13 Atl. 49); *Hutchinson v. Town of Concord,* 41 Vt. 271 (98 Am. Dec. 584); *Pierce v. City of New Bedford,* 129 Mass. 534 (37 Am. Rep. 387); *Ray v. City of Manchester,* 46 N. H. 59 (88 Am. Dec. 192); *Dudley v. City of Flemingsburg,* 115 Ky. 5 (72 S. W. 327, 60 L. R. A. 575); *Mayor of Wilmington v. Vandegrift,* 1 Marv. (Del.) 5 (29 Atl. 1047, 25 L. R. A. 538); *Barber v. City of Roxbury,* 11 Allen (Mass.) 318; *Faulkner v. City of Aurora,* 85 Ind. 130 (44 Am. Rep. 1).

The doctrine of *respondeat superior,* as applied to the acts of agents of a municipal corporation, is subject to well defined limitations. *Field v. City of Des Moines,* 39 Iowa 575; *Bradley v. City of Oskaloosa,* 193 Iowa 1072; *Hilgers v. Woodbury County,* 200 Iowa 1318; *Norman v. City of Chariton,* 201 Iowa 279. In *Pettengill v. City of Yonkers,* 116 N. Y. 558 (quoting from an earlier decision), it is said:

"To determine whether there is municipal responsibility, the inquiry must be whether the department whose misfeasance or nonfeasance is complained of, is a part of the machinery for carrying on the municipal government, and whether it was at the

time engaged in the discharge of a duty, or charged with a duty primarily resting upon the municipality.''

We deem it unnecessary to differentiate further between governmental and corporate powers of a municipality. Both species of power are exercised by a municipal corporation, and as a general rule there is no liability for negligence in the exercise of governmental functions. If the act in question classifies as purely governmental, the rule of *respondeat superior* has no application. *City of Anderson v. East,* 117 Ind. 126.

A governmental duty is one involving the exercise of governmental power, and is assumed for the exclusive benefit of the public. A sovereign act of government cannot be submitted to the judgment of the courts, since government is not the subject of private law. It rests upon the municipality to determine whether it will exercise its governmental powers, and if it does, such functions do not create civil causes of action. Upon this theory, a city is not liable for the acts of its officers in attempting to enforce police regulations. *Easterly v. Incorporated Town of Irwin,* 99 Iowa 694; *Vanhorn v. City of Des Moines,* 63 Iowa 447.

Nor will we attempt here to differentiate and distinguish ''municipal-ordinance power'' from the term ''police power.'' The field of the former is almost altogether covered by municipal and other local regulations, under delegation from the state; the field of the latter has never been clearly circumscribed, but it means ''at the same time a power and function of government, a system of rules, and an administrative organization and force.'' Freund on Police Power, Section 2.

The limitations on the police power and the limitations on the municipal-ordinance power are not always clearly distinguished. The police power generally falls within and is supported by ''the general-welfare clause,'' but, like other powers of government, may be subjected to limitations, both from the point of view of its purpose and from the point of view of its means and methods.

In the case at bar, the city, by a regulation or order by its superintendent of public safety, simply permitted the temporary use of a street for coasting. The rights of the decedent in the use of said street were neither increased nor diminished, and it may not be said that a nuisance was created which was the proxi-

mate cause of the damages sought to be recovered. The normal use of the street was temporarily diverted; and, whether right or wrong, it was simply the attempted exercise of a police function. The city controls the streets in trust for the public, and it has no inherent right to surrender or impair that trust. *Lerch v. Short,* 192 Iowa 576.

The common use of the streets is not a mere license. The use of a street is of the essence of the purpose for which the street exists, and for which it has been dedicated. It does not include the use of the street as a playground, and it cannot be said that a municipality controls its streets as a private owner controls his house and yard.

The suppression of coasting on a public street, or its permission by the city, involves a police power. For the failure to exercise the power, or for the nonperformance of a duty by the officers and agents of a city in relation to the exercise of such power, the municipality is not liable. This legal principle is controlling in the case at bar.

The trial court correctly ruled the demurrer. Wherefore, the judgment entered is—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.