WALLACE FERRIER, an Infant, by HENRY C. FERRIER, His Guardian ad Litem, and HENRY FERRIER, Individually, Appellants, *v.* THE CITY OF WHITE PLAINS and EDWARD PLUMMER, Respondents.

MORTON SVIGALS, an Infant, by DAVID SVIGALS, His Guardian ad Litem, and DAVID SVIGALS, Individually, Appellants, *v.* THE CITY OF WHITE PLAINS and EDWARD PLUMMER, Respondents.

Second Department, June 9, 1941.

*Henry E. Stohldreier*, for the appellants Wallace Ferrier and Henry C. Ferrier.

*Samuel S. Slavitt*, for the appellants Morton Svigals and David Svigals.

*Samuel Faile [William R. Condit, Corporation Counsel]*, for the respondent The City of White Plains.

*Samuel Blumenthal*, for the respondent Edward Plummer.

TAYLOR, J. These actions, based on alleged concurring negligence of defendants, were tried together. The infant plaintiffs sustained personal injuries on January 1, 1938, about eight-thirty P. M., while coasting on one sled in Midland avenue, in White Plains — a highway theretofore duly designated by the municipality as a coasting street. The accident occurred by reason of a collision

between that sled, proceeding in an easterly direction on Midland avenue, and an automobile driven by the individual defendant in a northerly direction on an intersecting public highway, Lynton place. Both highways were covered by a glare of ice. The actions of the infant plaintiffs were brought to recover damages for personal injuries, and in each the infant plaintiffs' parent joined to recover damages for loss of services and medical expenses.

The complaint in each action was dismissed as to the individual defendant at the close of plaintiffs' proofs. As between plaintiffs and defendant municipality, the issues were submitted to the jury, which in each case rendered a verdict in favor of that defendant. Motions by plaintiffs respectively to set aside those verdicts and for new trials were denied.

Plaintiffs alleged in effect that the accident was caused by the negligence of the municipality in failing (1) to make safe for coasting Midland avenue, to use which infant plaintiffs, coasters, were invited impliedly; (2) to furnish sufficient officers or other persons to guard and make the street safe for coasting; (3) to provide guards or obstructions at the intersection to prevent traffic from crossing Midland avenue while it was being thus used; (4) to maintain any red light or other signal to warn approaching motorists against crossing Midland avenue at Lynton place; also that the municipality was negligent (5) in that its employee, Garrett, a police officer, stationed at the intersection, failed to perform his delegated duties to protect coasters from collisions with other vehicles, in that he negligently permitted the individual defendant to operate his automobile and cross the intersection while the infant plaintiffs and others were thus coasting on Midland avenue, approaching the intersection; (6) in that Garrett permitted the infant plaintiffs and other coasters to start down the hill on Midland avenue without warning them by a whistle or otherwise that he was about to permit the individual defendant's automobile to cross Midland avenue at the intersection. Concurring negligence of the individual defendant in the operation of his automobile was also alleged.

As indicated, the trial justice submitted to the jury as to the defendant municipality questions relating to its alleged negligence, to the infant plaintiffs' contributory negligence and to damages, if said defendant should be found liable. This submission was over the protest of the defendant municipality, duly presented by proper motions, which were denied, defendant excepting. The trial justice adopted plaintiffs' theory of municipal liability for negligence, which thus became the law of the case as far as plaintiffs were concerned.

As to the individual defendant, operator of the colliding automobile, he was guilty of no negligence as matter of law upon the undisputed facts. That he was liable is not even argued by the appellants here. He simply obeyed the officer's direction to proceed across the intersection, at a time when the sled was not in sight, and he had nearly reached the north side of Midland avenue when it suddenly appeared from the west and the collision occurred, without fault on his part.

As to the municipality, the plaintiffs contend in effect that Midland avenue was in law a recreation center or playground created by the municipality, which it was under a duty to keep and maintain in a safe condition for the use of coasters, and to exercise adequate and suitable supervision thereof; and that the municipality was liable for any negligence on the part of itself or its agents and " supervisor " in the maintenance of the coasting place; also that the provisions of the Vehicle and Traffic Law were not applicable to the coasting *locus* and that Officer Garrett was in effect a playground supervisor, for whose negligent acts the city was liable.

Plaintiffs rely on numerous authorities, typical of which are *Peterson* v. *City of New York* (267 N. Y. 204); *Curcio* v. *City of New York* (275 id. 20); *Collentine* v. *City of New York* (279 id. 119, 124), and *Schneider* v. *Village of Lake George* (280 id. 507). Such cases differ from the cases at bar in their facts, involving, as they do, playgrounds, recreation centers or kindred facilities furnished by a municipality in pursuance of delegated authority. These cases present merely a public highway upon which an additional form of traffic, namely, coasting, otherwise prohibited, has been made lawful by the municipality, acting pursuant to statutory authority (*infra*).

As the jury found for the defendant municipality in each case, if the theory of the plaintiffs and the court was erroneous, and if the municipality, as matter of law, was not liable, the judgments and order under review accomplished, as to it, a lawful result and should be affirmed.

The respondent municipality contends that the legal effect of the city's designation of Midland avenue as a coasting street, by the resolution of its common council adopted on January 22, 1923, pursuant to subdivision 4 of section 20 of the then General Highway Traffic Law (now Vehicle and Traffic Law, § 88, subd. 5), was merely to make coasting, otherwise prohibited by statute, lawful on Midland avenue and thereby to relieve persons coasting thereon from prosecution; that such designation constituted an exercise of legislative power specifically granted by the State,

and that no liability arises by reason of injuries resulting from the exercise of that power.

We are of opinion that the defendant municipality is correct in its contention, and that each complaint should have been dismissed as to it. Therefore, errors upon the trial, prejudicial to plaintiffs, if any, become immaterial; and we do not discuss them.

In thus designating Midland avenue as a coasting street, the municipality exercised a legislative power specifically delegated to it by the State. No liability to plaintiffs arises from the exercise of that power. (*Burford* v. *Grand Rapids*, 53 Mich. 98; 18 N. W. 571; *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Masterton* v. *Village of Mount Vernon*, 58 id. 391, 394; *Smith* v. *Mayor*, 66 id. 295; *Lynch* v. *Mayor*, 76 id. 60; *Andrews* v. *City of Elmira*, 128 App. Div. 699; *Van Wie* v. *City of Mount Vernon*, 26 id. 330.) The *Burford* case (*supra*) strongly resembles this one in its facts. The highest court of Michigan declared the municipality not liable.

In the statute here involved no power is granted to any ministerial officer to designate streets for coasting or to regulate coasting thereon, nor has the Legislature cast upon the municipality liability for exercising the power granted to designate a street for coasting. Nor is it claimed that there is any statute which will render a city liable for exercising such legislative power. Which streets shall be designated rests in the discretion of the common council. There is no liability on the part of a municipality by reason of such a legislative or discretionary act.

Police Officer Garrett, in directing traffic at the intersection where the accident occurred, was performing his duties as such officer, acting in a governmental capacity. For error or omission on his part, resulting in injury to plaintiffs, the municipality is not liable. (6 McQuillan on Municipal Corporations [2d ed.], § 2591; *Doty* v. *Village of Port Jervis*, 23 Misc. 313; *Twist* v. *City of Rochester*, 37 App. Div. 307.) Whether or not one police officer or more than one should have been assigned to Midland avenue to regulate traffic, including coasting, was a discretionary or quasi-judicial act of the commissioner of public safety and of the chief of police. For their error, if any, the municipality is not liable. (*Mills* v. *City of Brooklyn*, *supra*, at p. 495.) The same principle applies to other safeguards which, concededly, were provided by the city on, and at intervals along, Midland avenue, for the protection of coasting and other traffic thereon, insufficiency of which safeguards is asserted by plaintiffs.

The judgments and orders appealed from should be affirmed, with costs.

HAGARTY, JOHNSTON and CLOSE, JJ., concur; LAZANSKY, P. J., concurs in the result.

In the first above-entitled action: Judgment, and order in so far as appealed from, unanimously affirmed, with costs.

In the second above-entitled action: Judgment, and order in so far as appealed from, unanimously affirmed, with costs.