James W. Bailey, J.
Defendant Village of Mamaroneck moves to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.
A dog had been injured and lay on the highway. Plaintiff, a bystander, was directed by a police officer of the village to direct traffic while he, the police officer, left the scene to make a telephone call. Plaintiff was struck by an oncoming car and seeks to hold the village liable in damages.
The police officer was acting for the village in its exercise of a governmental function, in which it is not liable for torts of its agents unless such liability is assumed or imposed by law. (Herman v. Board of Educ., 234 N. Y. 196; Ferrier v. City of White Plains, 262 App. Div. 94; Hughes v. State of New York, 252 App. Div. 263.) Section 8 of the Court of Claims Act provides liability only to a limited extent. (Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845; Schuster v. City of New York, 207 Misc. 1102.) The doctrine of respondeat superior may not be invoked against the village in its employment of police officers. (Hughes v. State of New York, supra.)
Plaintiff seeks to support his complaint through the medium of section 1848 of the Penal Law. This section is entitled ‘ ‘ Refusing to aid officer in making an arrest ’ ’ and makes it a misdemeanor for a person to refuse or neglect to aid an officer “ in arresting any person, or in re-taking any person who has escaped from legal custody, or in executing any legal process ”. The section further provides that a person injured or damaged while obeying such a command shall have a cause of action to recover the amount of such damage or injury against the municipal corporation by which the officer is employed. The services upon which plaintiff was engaged at the request of the police officer when he was injured are far removed from those enumerated in section 1848 and present no liability under the statute. Motion granted.