### GATES and others *against* MILES.

*June 24.*

Where the plaintiff declared, that the defendant, being the owner of a vessel, which was proceeding, under his direction, on a voyage, took so little care of her, that through his mere carelessness in direction, mismanagement and im- prudence, she, with great force and violence, ran foul of and struck against the plaintiff's vessel, which was proceeding in an opposite course, and there- by injured the same ; it was held, that this was a declaration in *case.*

Two vessels were sailing, in opposite courses, under the direction of their res- pective owners, when, at the distance of thirty rods from each other, one of them ordered the helmsman of his vessel *to luff,* which he did suddenly, and, in consequence thereof, that vessel struck and injured the other vessel. Held, that the proper remedy was *trespass,* and not *case ;* and it made no difference, in this respect, whether the act complained of was wilful, or re- sulted from want of skill and care.

Where a negligent act produces immediate injury to the person or property of another, the party injured cannot pass over such act, and declare in *case* for the negligence, which occasioned or accompanied it.

THE plaintiffs declared, that they were the sole owners of the sloop *Mary ;* and on the 13th of *March,* 1815, said sloop, with a valuable cargo on board, was proceeding lawfully through *Long-Island* sound, under the direction of the plain- tiffs, to *New-York ;* and the defendant was, at the same time, sole owner of the sloop *Susan,* which was proceeding through *Long-Island* sound to *New-Haven,* under the defendant's di- rection ; yet the defendant, not regarding his duty in that be- half, while the plaintiffs' sloop was lawfully pursuing her voy- age as aforesaid, *viz.* on said 13th of *March,* 1815, took so little care of his, the defendant's, sloop, in the direction and management thereof, that through the mere carelessness in direction, mismanagement and imprudence of the defendant,

New-Haven,
June,
1819.

Gates
v.
Miles.

his said sloop, with great force and violence, run foul of, and struck against, the plaintiff's said sloop, and thereby broke, damaged and injured the same, shattered her mast, stove her boat, parted her sails and rigging, and greatly injured her tackle and apparel ; and also, by reason of the premises, the plaintiffs have been obliged to lay out and expend, in repairing the damages so done as aforesaid, to their said sloop, her tackle and apparel, a large sum of money, viz. the sum of 300 dollars ; and also, by means of the premises, the plaintiffs have been deprived of the use of their said sloop, for a long space of time, viz. for the space of one month, and have thereby lost all the profits they might and would have made, by the use of said sloop, during that period.

The cause was tried at New-Haven, January term, 1819, before Trumbull, Hosmer and Peters, Js.

On the trial, it appeared, that the plaintiffs and the defendant were respectively owners of the Mary and of the Susan, and that those sloops were proceeding through Long-Island sound, in the manner, and at the time, stated in the declaration. The Mary was sailing close haul upon the wind, in the direct and proper course to her port of destination. The Susan was sailing with a free wind, on her course, and could, with equal ease, have been guided on either side of the course on which the Mary was sailing. When the Susan was distant thirty rods from the Mary, the defendant ordered the person at the helm of the Susan, and who was steering her, to luff ; and in obedience to that order, the helmsman suddenly luffed, and turned the vessel to the windward. In pursuance of the directions thus given, she directly struck the larboard quarter of the Mary, both vessels sailing with great velocity ; by reason of which, the damage and injury complained of in the declaration happened. If the Susan had kept on her course, without luffing, she would have passed the Mary, some distance to the leeward. The defendant claimed, that these facts did not support the plaintiffs' declaration, which was an action on the case, but were proper to support an action of trespass ; and prayed the court so to instruct the jury. The plaintiffs contended, that such facts were proper to support an action on the case ; but if otherwise, the present was an action of trespass ; so that in either point of view, the declaration was supported. The court charged the jury, that the facts proved by the plaintiffs did not support an action on the case, but would support an

*New-Haven,*
*June,*
*1819.*

*Gates*
*v.*
*Miles.*

action of trespass only; and that the present action was an action on the case. The court, therefore, directed the jury to find a verdict for the defendant; which being done, the plaintiffs moved for a new trial, on the ground of a misdirection. This motion was reserved in the usual manner.

*N. Smith,* and *J. L. Tomlinson,* in support of the motion, contended, 1. That whatever technical name might be given to the present form of action, the facts proved conduced to support the declaration; and ought, therefore, to have been submitted to the jury.

2. That admitting this to be an action *on the case,* as claimed by the defendant; *that* is the proper remedy. To constitute *trespass,* there must be an *act* of the defendant, or his authorised agent, accompanied with some degree of *force;* and the *immediate* result must be an injury to the plaintiff. Here, the only act of the defendant, was, giving an order *to luff,* at the distance of thirty rods from the plaintiffs' vessel. The compliance with this order effected no immediate injury to the plaintiffs; it only put the defendant's vessel on a certain course; and the injury, which the plaintiffs sustained, was entirely *consequential.* If the *Susan* had struck the *Mary,* in the act of luffing, it would have been trespass; for then the injury would have been the *immediate* effect of the defendant's forcible act. But the injury in fact sustained, was effected, after the vessel had moved several rods from the place of luffing, and after the force accompanying that act was spent. The force which did the mischief, was not the defendant's force, but was given by the winds and waves. *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. *Rogers* v. *Imbleton,* 2 *New Rep.* 117. *Huggett* v. *Montgomery,* 2 *New Rep.* 446.

3. That admitting a trespass would lie for the forcible act of the defendant, the plaintiffs have an election to pass over the force, and declare in *case* for the consequential injury arising from his negligence. 1 *Chitt. Plead.* 127. *Pitt* v. *Gaince* & *Foresight,* 1 *Salk.* 10. and note by *Evans.* *Blin* v. *Campbell,* 14 *Johns. Rep.* 432.

*Staples* and *Denison,* contra, after adverting to the importance of preserving the boundaries of actions generally, as conducive to a regular administration of justice, remarked, that the distinction between trespass, and trespass on the case,

*New-Haven,*
June,
1819.

Gates
*v.*
Miles.

becomes peculiarly important, in this state, from the fact, that by our statute of limitations, no recovery can be had for trespass, after three years, and that there is no limitation for actions on the case. They then contended,

1. That this action was an action of trespass on the case, and not an action of trespass. Every declaration in trespass must contain an averment that the injury complained of was done *with force proceeding from the defendant.*

2. That the only proper action in this case, was an action of trespass. The established distinction is, that if the injury be *immediate,* the action must be trespass; if *consequential* only, it must be case. 3 *Bla. Comm.* 123. 1 *Chitt. Plead.* 122, 3, & seq. *Day* v. *Edwards,* 5 *Term Rep.* 648, 9. *Savignac* v. *Roome,* 6 *Term Rep.* 125. *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. *Leame* v. *Bray,* 3 *East,* 593. *Taylor* v. *Rainbow,* 2 *Hen. & Mun.* 423. *Covell* v. *Laming,* 1 *Campb.* 497. *Lotan* v. *Cross,* 2 *Campb.* 465. *Cole* v. *Fisher,* 11 *Mass. Rep.* 137.

3. That to give the plaintiffs an election to declare in *case,* for the consequential injury, would be to subvert the distinction between the two forms of action; for damages are always consequential.

HOSMER, Ch. J. The right determination of this case, depends on a correct answer to the following questions; what action has the plaintiff instituted ; and what is the legal remedy applicable to the facts, which appear on the motion for a new trial ? As no suit can be maintained for trespass *vi et armis* after three years, and as in trespass on the case there is no limitation, it becomes highly important to preserve the established boundaries between these actions.

What action has the plaintiff instituted ? His declaration is founded merely on non-feasance. From the frame of the action it manifestly appears, that he has not complained of any act of the defendant, committed with force. "The person who drew this declaration," as was said by *Grose,* J. in *Savingac* v. *Roome,* 6 *Term Rep.* 130. "meant to draw a declaration on the case ; if he had thought that trespass was his proper remedy, he would have moulded the declaration differently." The action is denominated " a plea of trespass on the case ;" and every such allegation is expressive only of neglect, want of care, imprudent omission, and mismanage-

New-Haven,
June,
1819.

Gates
v.
Miles.

ment. The latter term, in its popular meaning, denotes non-feasance, or misfeasance, according to the subject matter to which it is applied. After verdict for the plaintiff, in favour of which, every reasonable presumption should be made, a motion in arrest of judgment, on the ground that the facts amounted to a trespass with force, would be of no legal avail. *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. *Howard* v. *Bankes*, 2 *Burr.* 1113. *Turner* & al. v. *Hawkins* & al. 1 *Bos.* & *Pul.* 472. *Rogers* v. *Imbleton*, 2 *New Rep.* 117. In support of the declaration, it might fairly be presumed, that the injury complained of was the consequence only of the defendant's act; or, that he was not on board the *Susan*, but navigated her by his servant. See the above cases, and *Leame* v. *Bray*, 3 *East* 593. *Michel* v. *Alestree*, 2 *Levinz* 172. *Brucker* v. *Fromont*, 6 *Term Rep.* 659. In my opinion, it is clear beyond a question, that the plaintiffs' action is trespass on the case.

This brings me to the remaining enquiry; what is the legal remedy applicable to the facts, which appear on the motion for a new trial? It appears, that the defendant was proceeding with the *Susan*, under his personal direction and management, to *New-Haven*. One of the plaintiffs, in an opposite direction, was navigating the *Mary* to *New-York*. When distant from each other about thirty rods, the defendant commanded the person at the helm of the *Susan* to *luff*; "in obedience to which, the helmsman suddenly luffed, and turned said sloop *Susan* to windward, and in pursuance of the direction thus given, she directly struck the larboard quarter of the *Mary*, with great violence." This is the history of the transaction, which the motion gives, and from which certain incontrovertible propositions are established. 1. By reason of the express command to the helmsman, the defendant is precisely in the same condition as if he had steered the sloop. 2. The *Susan* obeyed the helm, and was guided by it. The expression, "the helmsman turned the sloop, and in pursuance of the direction thus given, she directly struck the *Mary*," as definitely ascribes to the defendant the act of turning and directing her movement, until the injury was effected, as if she had been a cane wielded by his hand. Whether the word *directly* is considered as synonymous with the term *immediately*, or the whole phrase is viewed as indicating that the defendant, by the helm, controlled and regulated the movement of the *Susan*, the con-

*New-Haven,*
June,
1819.

Gates
*v.*
Miles.

struction must be the same. The act of striking was his act. If it had appeared, that the winds and waves baffled the defendant's purpose, and counteracted his efforts, the motion would have presented a case very different from the one before the Court. On this subject there is a total silence ; and had a fact so important been made to appear, it would not have been omitted in the statement made for the purpose of reviewing the former decision. Nothing can be assumed which the expressions of the motion do not warrant. The damage, then, was effected by a stroke from the *Susan ;* the immediate result of force, originally, and unintermittingly, applied by the defendant. Exclude from consideration the possible effect of the winds and waves, and bear constantly in mind, that the elements neither counteracted the exertions of the defendant, nor operated otherwise than in entire subserviency to his will ; and what is the result ? That the helm and the sails, the winds and the waves, were all his instruments, obedient to his wishes ; and the *Susan* was directed by him in the course which he thought most eligible. From the moment the helm, by the defendant's direction, turned the *Susan* into that path in which the injury was accomplished, there was no intermediate agent, which varied the course intentionally pursued. Were it said, that a person turned his horse, and in pursuance of the direction given, run over a child and broke his arm, there would exist no doubt whether the damage was imputable to his act. If the misfortune resulted from the impracticability of controlling the horse, it would change the nature of the case ; but were the person who did the injury, as silent as the motion is, the court would not gratuitously assume as a reality, what he had never claimed.

On these facts, I am extremely clear, that the only legal remedy is trespass *vi et armis.*

The general principle, which discriminates trespass from case, is stated with great accuracy, by Sir *William Blackstone.* " It is a settled distinction," said that learned commentator, " that where an act is done, which is in itself an immediate injury to another's person, or property, there the remedy is usually by an action of trespass *vi et armis ;* but where there is no act done, but only a culpable omission, or where the act is not immediately injurious, but only by consequence, and collaterally ; there no action of trespass *vi et*

New-Haven,
June,
1819.

Gates
v.
Miles.

*armis* will lie, but an action on the special case for the damages consequent on such omission or act." 3 *Bla. Comm.* 123.

It has been contended, that the defendant did not intentionally, or wilfully, do the act complained of; and hence was deduced the unwarrantable inference, that trespass *vi et armis* could not be sustained. Whether the act was the result of the will, or is attributable to neglect or miscalculation, the legal consequence is the same. In actions on the *case*, the *quo animo*, is the material enquiry; but in trespass *vi et armis*, when the act complained of was done by the defendant personally, or by his express command, it is of no imaginable importance. *Tarlton* v. *Fisher, Doug.* 646. 649. " In *trespass*, innocence of intention is no excuse; in *case* the whole turns upon it," &c. Idiots and lunatics, as to their legal capacity of committing trespass, are not distinguishable from moral agents; and he who strikes another through negligence, or by accident, is as much a trespasser, as if the stroke had been intentionally given. *Reynolds* v. *Clarke*, 1 *Strange* 634. *Shapcott* v. *Mugford*, 1 *Ld. Raym.* 187. *Hayward* v. *Bankes*, 2 *Burr*, 1114. *Harker* & al. v. *Birbeck* & al. 3 *Burr.* 1556. *Gates* v. *Bayley*, 2 *Wilson*, 313. *Scott* v. *Shepherd*, 2 *Wm. Black.* 892. *Morgan* v. *Hughes*, 2 *Term Rep.* 225. *Day* v. *Edwards*, 5 *Term Rep.* 649. *Savignac* v. *Roome*, 6 *Term Rep.* 125. *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. *Sheldrick* v. *Abery* & al. 1 *Esp.* 55. *Leame* v. *Bray*, 3 *East* 593. *Adams* & al. v. *Hemmenway*, 1 *Mass. Rep.* 145. *Taylor* v. *Rainbow*, 2 *Hen. & Mun.* 423. *Underwood* v. *Hewson*, 1 *Strange*, 596. *Covell* v. *Laming*, 1 *Campb.* 497. *Lotan* v. *Cross*, 2 *Campb.* 464. e contra, *Rogers* v. *Imbleton*, 2 *New Rep.* 117.

A difference has been attempted, between the injury resulting from the incautious, or negligent casting a stone, or striking with a cane, and the running down a ship in the same manner; and it has been said, that the former is trespass, but that the latter is not. In the nature of the case, there is no foundation for the supposed distinction. From the same premises, the legal and logical result, must invariably be the same. The case of *Leame* v. *Bray*, 3 *East* 593. which was an action of trespass for running down a carriage, in my opinion, is sound law: and in *Covell* v. *Laming*, 1 *Campb.* 497. the same action was maintained for damage produced by the defendant's ship, on the ship of the plaintiff, unintentionally, and from unskilful management. Mr. *Chitty* (1 *Plead.* 127.) has contributed

to confirm the opinion I am opposing, in the first edition of his valuable work; but in a late edition, he has corrected the error. In his first edition, he remarked, that "in the case of injuries arising from driving carriages, or navigating ships, if the injury were immediate, and be stated to have been wilfully committed, or appear to have been so, on the trial, the remedy must be trespass; but if the injury were attributable to negligence, though it were immediate, the party injured has his election, either to treat the negligence of the defendant as the cause of action, and to declare in case; or to consider the act itself as the injury, and to declare in trespass." I have critically examined the cases cited by him, and find his proposition not supported. In his late edition, he observes, that " in the case of injuries arising from driving carriages or navigating ships, if the injury were immediate, though occasioned by negligence, or if it be stated in the declaration to have been wilfully committed, or appear to have been so on trial, the remedy must be trespass; but if the injury were attributable to negligence, the party has sometimes an election," &c. What possible reason can be assigned for considering, in some instances, an immediate injury arising from negligence as trespass, and in others, as authorizing an action on the case? It is true, that in suits for damage arising from carriages, or for running down ships, it sometimes becomes an enquiry of considerable difficulty, to ascertain whether the injury was produced by the immediate act of the person complained of, or resulted consequentially from neglect, or culpable omission. This, however, is merely a question of fact; and when it is once settled, there is no propriety in adopting a flexible principle, ascribing different legal consequences to facts of the same nature and amount.

Cases have been cited of suits brought for acts done by the servant of the defendant, in his absence, and not by his express command. These have no bearing on the question before the Court. " It is difficult to put a case, where the master could be considered a trespasser for an act of his servant, which was not done by his command." *Morley* v. *Gaisford*, 2 *Hen. Black.* 442. *Hugget* v. *Montgomery*, 2 *New Rep.* 446. *Bowcher* v. *Noidstrom*, 1 *Taunt.* 567.

The decision most relied on, by the defendant, is *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. The action was trespass on the case, for an injury done by the incautious and negli-

*New-Haven,*
June,
1819.

Gates
*v.*
Miles.

*New-Haven,*
June,
1819.

Gates
*v.*
Miles.

gent steering and direction of the defendant's ship, whereby she sailed against, and struck, the ship of the plaintiffs. The plaintiffs having obtained a verdict, the defendants moved in arrest of judgment, on the ground that the action was misconceived. The rule was discharged, and, in my opinion, with perfect correctness. It did not appear that the injury was the personal act of the defendants, or that they were on board the ship at the time ; and although it is said, they had the care, direction, and management of the vessel, this might be through the medium of other persons in their employ. *Leame* v. *Bray*, 3 *East*, 600. *Michel* v. *Alestree*, 2 *Levinz*, 172. *Brucker* v. *Fromont*, 6 *Term Rep.* 659. As was said in *Howard* v. *Banks*, 2 *Burr.* 1113. " The plaintiffs describe in their declaration, a fact, which, as it comes out at the trial, may, or may not be proved either to be trespass or case ; either the one or the other of them, according to the evidence. And it appears, that it was here proved, at the trial, to be *trespass on the case.* If it had been proved to be trespass *vi et armis*, the plaintiffs must, in that event, have been non-suited." The same observations are equally applicable to *Turner* v. *Hawkins*, 1 *Bos. & Pul.* 472. In the case of *Ogle* & al. v. *Barnes* & al., *Grose*, J. observes, " that every presumption is to be made in favour of the verdict ; at least, nothing is to be presumed against it." And on the same principle, *Lawrence*, J. says ; " The negligent and imprudent management of the defendants' ship, does not imply, that any act was done by them ; after having been guilty of the negligence which led to the mischief, they may have done every thing in their power to avoid the mischief ; and then the running against the plaintiffs' vessel, may have been owing to the wind and tide. If it had appeared in evidence in this case, that the defendants had wilfully done the act, the plaintiffs must have been nonsuited." So, in the case before us, had the plaintiffs obtained a verdict, on motion in arrest, it ought to be presumed, that the agency of the defendant was not personal, but through the medium of a servant ; or, that the stroke given, resulted from the uncontrollable impulse of natural causes.

It has been said, that if the injury were attributable to negligence, though it were immediate, the party injured has an election either to treat the negligence of the defendant as the cause of action, and to declare in case ; or to consider the act itself as an injury, and to declare in trespass. This, as a gene-

*New-Haven,*
June,
1819.

Gates
*v.*
Miles.

ral principle, although it was asserted in the preceding words, by Mr. *Chitty,* in the first edition of his treatise on Pleading, (page 127.) is manifestly incorrect. In the late edition of the celebrated work alluded to, the author has modified the proposition, and only asserts, that the party injured has *sometimes* an election. Sir *William Blackstone,* in *Scott* v. *Shepherd,* 2 *Bla. Rep.* 895. hazarded an observation to the same effect, and referred, in proof of it, to *Bourden* v. *Alloway,* 11 *Mod. Rep.* 180. In that case, *Powell,* J. said, " if a man, being imprisoned, should have a special damage, as forfeiting a recognizance, &c. there it must be *case.*" If the principle be admitted, it only reaches a case where the injury complained of resulted neither necessarily, nor by any-foreseen probability, from the act of trespass; but was altogether subsequent, collateral, and consequential. So, a person may maintain trespass against another, who entered his house, and debauched his daughter; or he may waive the injury done to his dwelling, and sue in case, for the injury done to the daughter only. *Bennet* v. *Olcott,* 2 *Term Rep.* 167. And in an earlier case, it was determined, that the master of a ship, laden with corn, and ready to sail for *Dantzick,* which ship the defendant seized, might bring *trespass* on his possession, as a bailiff of goods, may, or *case* for his own loss in particular, arising from the obstruction of his voyage. *Pitts* v. *Gaince & Foresight,* 1 *Salk.* 10. But these cases proceed on the distinct injuries embraced in them, and lend no support to the proposition, that an action on the case is sustainable for the direct or probable consequences of a trespass. I am well aware, a decision has been made by a judiciary, for whose opinions I have the highest deference, in opposition to the one which I have expressed. *Blin* v. *Campbell,* 14 *Johns. Rep.* 432. This case appears to have been submitted without argument, and to be founded on the erroneous proposition of *Chitty,* (page 127.) which he has since corrected. Vide *Fetter* v. *Beale,* 1 *Salk.* 11. *e contra* of *Blin* v. *Campbell.*

There exists no question, if the act from which the injury resulted, was in the nature of trespass, that consequential damages, if shewn with particularity, may be recovered; although they are more remotely consequential from the act, than any matter which the plaintiff's declaration discloses. 1 *Chitty,* 386. Hence, the principle contended for by the plaintiffs, is unnecessaay; and would authorize the manifest in-

convenience of severing a cause of action, and producing multiplicity of suit.

In this opinion PETERS and BRAINARD, Js. concurred; the latter, with some hesitation.

CHAPMAN, J.    The only question, in this case, is, whether from the facts admitted, an action of trespass *on the case*, can be supported, or whether *trespass* only will lie.

If decided cases are to govern in the decision of this case, it seems to me, that there can hardly be a doubt but that the former is the appropriate action.    An examination of the cases cited, and relied on, by the plaintiffs, will evince this.

In the case of *Ogle* & al. v. *Barnes* & al. 8 *Term Rep.* 188. it is alleged in the declaration, " that through *negligence*, &c. the defendants, with great *violence* and *force*, sailed against, and ran foul of, the plaintiffs' ship ;"    and all the judges concurred in saying, that *case* was the proper action.

The case of *Turner* & al. v. *Hawkins* & al. in error, 1 *Bos. & Pull.* 472. is, if possible, stronger in favour of the plaintiffs.    It is there stated, " that the defendants *wrongfully, unlawfully* and *injuriously*, drove their cattle, with great *force* and *violence*," &c. ; and yet, as the injury was caused by the *negligence* of the defendants, it was held, that *case* would lie ;    the Chief Justice remarking, " that it was fair to infer, that it was not intended to charge the defendants with *wilfully* driving" &c.

The case of *Savignac* v. *Roome*, 6 *Term Rep.* 125. is not opposed to the cases cited above.    In that case, it is alleged, " that the defendant *wilfully* drove his horses upon and against the chaise of the plaintiff."    Where the injury is caused by *force*, and done wilfully, *trespass* is the appropriate action.    In this respect the decisions are uniform ; but where negligence is the ground of action, though the injury is the effect of *force*, *case* is, in general, the proper action.    In the case of *Leame* v *Bray*, 3 *East* 593. 603.  *Le Blanc*, J. remarks, " It is chiefly in actions for running down vessels at sea, that difficulties may occur, because certainly the *force*, which occasions the injury, is not so *immediate* from the act of the person steering."    " The immediate agents of the *force* are the wind and waves; and the personal act of the party rather consists in putting the vessel in the way to be so acted upon."

New-Haven,
June,
1819.

Gates
v.
Miles.

It is admitted, that there are cases, where the *will* need not concur with the act, to lay a foundation for an action of trespass; as wounding a person, by shooting at butts, driving a carriage on the wrong side of the way, &c., which are cases found in the books. But in those cases, the act done is considered the *personal* act of the defendant. But I believe no case can be found, in any book, where it has been adjudged, that *case* was not the proper action, where an injury was done, by one vessel's running against another, through *negligence.* It is, emphatically, the appropriate remedy.

What, then, is this case? The defendant, through *carelessness*, ran his vessel against that of the plaintiffs. What is the evidence to support this allegation? Why, that this was done by injudiciously *luffing*. Suppose it had been done, by injudiciously bearing away, carrying too much sail, or too little, or any other injudicious act.

But the great objection, here, is, that the injury was the effect of *force*. Was it not in all the cases before cited? Indeed, were one vessel to run foul of another, in so *gentle* a manner, as to do no injury, it would be difficult to conceive how *any* action would lie. The injury is always the effect of *force;* but then it is the force of the winds and waves; and the defendant becomes liable in consequence of his misconduct; if wilful, in *trespass,*—if negligent, in *case*.

I am confident, that in relation to injuries done by one vessel to another, the proposition last laid down will be supported, by every adjudged case, both in *England* and in the *United States.* I think, therefore, that there ought to be a new trial.

BRISTOL, J. was of the same opinion.

New trial not to be granted.