CHARLES A. BUSKIRK AND FERDINAND RUDOLPH v. DOROL-ESKY R. STRICKLAND.

*Village plats—Location of streets—Street commissioner's liability for injury by removal of lateral support.*

Marking out a street on a village plat does not necessarily make the space a public way, unless the public authorities accept it as such.

Where a street was marked out on a village plat, but a certain part of it in its natural condition was incapable of use as a way, and for forty years remained so without any act of the authorities to accept or improve it, and the street commissioner then entered and made excavation that he might use the earth in other parts of the town, and in so doing removed the lateral support for adjacent lands to their injury; *held*, that the commissioner was liable for this injury.

When one makes an excavation by his neighbor's land into which the land, from its own weight and of necessity must fall, and does immediately fall, trespass will lie against him therefor.

Error to Genesee. Submitted Oct. 25. Decided Jan. 11.

TRESPASS. Defendants bring error. Affirmed.

*J. L. Topping* and *A. C. Baldwin* for plaintiffs in error.

*Long & Gold* and *H. C. Van Atta* for defendant in error.

COOLEY, J.  Strickland sued Buskirk and Rudolph in trespass for digging and removing gravel from her premises in the village of Fenton.  The important facts of the controversy as they are presented by the record are the following :

The village of Fenton was platted by the proprietors of the land and the plat recorded in the year 1837.  Upon the plat was block 37, which was sold and by successive mesne conveyances has passed to Strickland, who occupied it as a dwelling lot when the alleged trespass took place.  The block is bounded on the north by Shiawassee avenue and on the east by George street.  Strickland bought in 1869, and at that time George street had never been opened and used as a public highway along by this block.  The land within its lines was elevated 40 feet or so above Shiawassee avenue.  The earth was gravel.  In the year 1878 Buskirk and Rudolph were street commissioners of Fenton, and under the direction of the street committee of the common council they proceeded to dig for gravel within the lines of George street as platted, and to cart the gravel for use in other portions of the village.  In excavating they approached within a distance variously estimated as from four to eight feet of the line of block 37 as platted; so near that a part of the fence on the line with the gravel back of it fell into the excavation.  This was the trespass complained of.

On the trial the right of the public to open and use George street as a public highway along by this block was contested by the plaintiff, who insisted that the dedication which had been offered by the plat had never been accepted by the public.  It appeared that George street had been opened and used as a highway in other parts, but never here, and plaintiff claimed ownership to the middle line.  This claim, however, it does not become necessary to pass upon.

It is clearly shown by the record that if there was ever

any act of the public authorities accepting the proposed dedication of George street at the point in question, it must be found in the acts complained of. For upwards of forty years the public authorities had taken no step evincing an intention to open and improve this street, but had left the land in a condition which made its use for the purposes of a highway impossible. It is not until forty-one years after the plat was made that any positive step is taken by the village authorities which affords us any means of conjecturing their purpose. It may well be questioned whether their option to accept the dedication had not been lost by the delay. *County of Wayne v. Miller* 31 Mich. 447; *Field v. Manchester* 32 Mich. 279; *Supervisors of Cass v. Banks* 44 Mich. 467.

But this step, though very important in its disturbance of the plaintiff's possession, is by no means decisive of the intention of the village authorities. No resolution or order of the common council to open the street is shown; and though some of the witnesses assume this to be the purpose, nothing that could be binding upon the corporation appears, and it is manifest that the object the public authorities had immediately in view was to procure gravel for use in other parts of the village. For this purpose they made excavation much wider, apparently, than was needed for the improvement of this particular street, and the plaintiff's close was invaded that streets elsewhere might have the advantage of such gravel as could be obtained within the lines of the street as marked on the plat. We say invaded; for the removal of the lateral support so near the line and to so considerable a depth rendered the fall which ensued inevitable.

The question, then, is not whether this plaintiff could have complained of consequential injury from the legitimate improvement of the street: *Pontiac v. Carter* 32 Mich. 164; nor whether after so great a lapse of time the offered dedication could be accepted; but it is whether the authorities, without distinctly evincing an intent to accept, can enter upon the premises and remove with impunity the lateral support of adjacent grounds to the injury of their

owners. And we are all of opinion that they have no such right. The question of the right to the soil within the limits of the platted streets, if the village authorities had seen fit to accept the offered dedication, does not arise upon this record.

Objection was made on the argument to the form of action, which, it was said, should have been case, and not trespass. The force of this objection must be determined by the evidence. The plaintiff as a witness on her own behalf testified that the defendants came into the pretended street in front of her premises, each having with him a gang of men, and commenced taking out the gravel; that they dug down her fence and posts and drew them off; that when they came the fence was all standing and good, but when they left it was gone and potatoes on her lot had caved down with the gravel, and that the earth caved off fourteen feet inside the line of her fence. In the main her evidence is sustained by that of other witnesses, though there is a dispute whether defendants drew off the boards and posts.

It is thus shown by the evidence that the injury the plaintiff received at the hands of the defendants was not only the direct and necessary result of their acts, but it was also immediate. They did not enter upon her premises, but they undermined them by an excavation, so that they necessarily fell with the removal of the support. They fell at once, as the result of acts intentionally done, and not subsequently as a consequence of negligent conduct. It may be that under these circumstances an action on the case might be supported: *Percival v. Hickey* 18 Johns. 257, 283, and cases cited; but it is at least equally proper to bring trespass. *Scott v. Shepherd* 3 Wils. 403; *Gates v. Miles* 3 Conn. 64; *M'Allister v. Hammond* 6 Cow. 342; *Case v. Mark* 3 Ohio 169.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.