CITY OF VERMILION, APPELLEE, *v.* DICKASON ET AL.,
APPELLEES; HULL COAL & BUILDERS SUPPLY, INC.,
APPELLANT.

[Cite as Vermilion v. Dickason (1976), 53 Ohio App.
2d 138.]

(No. E-75-22—Decided February 20, 1976.)

*Mr. Lawrence H. Schell* and *Mr. Edward Zaleski,*
for appellee city of Vermilion.

*Messrs. Williams & Williams,* and *Murray & Murray
Co.,* for appellees Friedman & Schwensen.

*Messrs. Catri, Howells, Wagner & Kellam,* for appellant.

BROWN, P. J. This is an appeal by defendant-appellant, Hull Coal & Builders Supply, Inc., from a judgment of the Court of Common Pleas of Erie County

in favor of plaintiff-appellee, the city of Vermilion, quieting title to a strip of land for street purposes known as Tilden Street in Vermilion. The disputed real property is a strip which the city of Vermilion contends is a duly dedicated street named Tilden Street in Vermilion. The Hull Company filed an answer and cross petition praying that the court quiet title to such real property in defendant Hull Company.

A deed in 1914 given by George Fischer, grantor, to the Lake Shore and Michigan Railway Company, grantee, and predecessor in title of the New York Central Railroad Company, contained an agreement by such predecessor in title as follows:

"As a further consideration, the grantee herein, agrees hereby to dedicate a strip of land forty (40) feet in width from the north line of all their lots for land on the north side of their present tracks, between Division Street and Sandusky Street in Blocks twenty-two (22), twenty-three (23) and situated in the Village of Vermilion, Ohio, substantially in the location of the present traveled way for a public street and highway which may be used by the public between said Division Street and Sandusky Street. Such dedication to become effective on acceptance by the village but a way as at present shall be kept open until such acceptance."

The city of Vermilion had no knowledge of this offer of dedication for street purposes until it was accidentally discovered in 1963. Thereupon, the city of Vermilion in 1963 passed two ordinances—Ordinance 847, accepting the offer of dedication, and Ordinance 864, naming the street Tilden Street. The city ordered the Hull Company to remove its buildings from the property. The Hull Company refused. The Hull Company purchased the above disputed realty from the New York Central Railroad Company by deed dated September 23, 1964, recorded November 2, 1964.

The agreement or covenant by the grantee in the foregoing 1914 Fischer deed to dedicate a strip of land for street purposes was only an agreement to make such

street dedication and was not an actual statutory street dedication then and there in 1914. It required something further to be done by the grantee or its successor in interest to constitute a statutory dedication. The foregoing clause in the 1914 Fischer deed did not create a dedication to the public. See R. C. 723.03 and *Cincinnati* v. *McMakin* (1898), 8 O. D. 691. Never was there any act or attempt by the grantee in the 1914 Fischer deed or its successor in interest to make a statutory dedication of a controverted strip of land known as Tilden Street.

Reference is also made to a statutory dedication procedure required of an owner to have a plat made by a competent surveyor, R. C. 711.01, and other requirements of statutory dedication by means of a recorded plat, R. C. 711.04 *et seq.* The owner of the disputed strip never sought to utilize any of such statutory dedication procedure.

Enactment in 1963 of two ordinances by the city of Vermilion accepting the strip of land as a street and naming it Tilden Street was effective to accomplish the dedication purpose only if such action accomplished a common law dedication. These ordinances were an attempt by the city to comply with R. C. 723.03, which provides:

"A street or alley, dedicated to public use by the proprietor of ground in any municipal corporation, shall not be a public street or alley, or under the care or control of the legislative authority of such municipal corporation, unless the dedication is accepted and confirmed by an ordinance specially passed for such purpose."

The Lake Shore and Michigan Railway Company, or its successors in interest since 1914, were the owners in fee of the controverted strip of land until a successor in interest, New York Central Railroad, conveyed such strip of land in 1964 to the defendant Hull Company. Our next inquiry, therefore, is this. Between 1914 and 1964 was there ever, by the owner of such strip of land, a common law dedication thereof for street purposes to the city of Vermilion?

Three elements are necessary to constitute a common

law dedication, namely: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. *Doud* v. *Cincinnati* (1949), 152 Ohio St. 132; *Abraham* v. *Cincinnati* (1903), 13 O. D. 619; 17 Ohio Jurisprudence 2d 22, Dedication, Section 21.

There is no evidence whatever to establish any of the foregoing three elements of common law dedication.

In 1964, the Hull Company purchased the foregoing controverted strip of land known as Tilden Street. From time to time until the present, it has paid real estate taxes on this property. Prior to 1964, the real estate tax was also billed to the Hull Company even though the property was leased by Hull Company from the New York Central Railroad. The Hull Company has a building and a scales at the entrance of the property which blocks part of the alleged street. At times the Hull Company repaired the road, put a sandpile in the road and tried to control the use of the road by the public. The city did not assert any acceptance of this property for common law dedication purposes. See *Lessee of Incorporated Village of Fulton* v. *Mehrenfeld* (1858), 8 Ohio St. 440; *Abraham* v. *Cincinnati, supra*. The elements of common law dedication are, therefore, negatived by the foregoing facts.

Therefore, there was no common law dedication of the controverted strip of land. Since there was neither a statutory dedication nor a common law dedication of the strip of land as a street, the action of the city of Vermilion in 1963 by two ordinances to accept such street dedication was a nullity. Neither a city nor anyone can accept what does not exist. There was nothing in 1964 for the city of Vermilion to accept.

Even if, for the sake of argument, it is conceded that the 1914 Fischer deed created a common law dedication of the controverted strip for street purposes subject to acceptance by the city, this raises the following question: Was the attempted acceptance in 1963 by the

city of a 1914 street dedication, forty-nine years after the act of dedication by the grantor, a timely acceptance by the city so as to be valid and generate a duly dedicated street? The answer is "No." A proposed dedication of property to a public use cannot be accepted, so as to consummate the dedication thereof, after an unreasonable delay for such length of time as to permit private rights in the property to become vested. *Lunkenheimer Co.* v. *Cincinnati* (1902), 3 C. C. (N. S.) 143; *Glenn* v. *Reynoldsburg* (1963), 119 Ohio App. 535; 17 Ohio Jurisprudence 2d 38, Dedication, Section 33; *Venice* v. *Madison County Ferry Co.* (1905), 216 Ill. 345, 75 N. E. 105; *Harris* v. *South Portland* (1919), 118 Me. 356, 108 A. 326; *Buskirk* v. *Strickland* (1882), 47 Mich. 389, 11 N. W. 210.

Therefore, the three assignments of error of appellant Hull Company, to the extent that such assignments contend that the judgment in favor of the city of Vermilion was contrary to law, are well taken.

The judgment of the Court of Common Pleas of Erie County in favor of the city of Vermilion is reversed.

*Judgment reversed.*

WILEY and POTTER, JJ., concur.