{¶ 1} Appellant, Ralph Vince ("Vince"), appeals from the trial court's denial of his motions for dismissal and summary judgment and its granting of summary judgment in favor of appellee, the Village of Bentleyville ("the Village"). Upon review of the arguments and for the reasons below, we affirm.
 {¶ 2} On February 9, 2005, the Village filed a complaint for declaratory judgment against Vince and four other named defendants.[1]
The complaint requested that, pursuant to R.C. 2721.01, et seq. and Civ.R. 57, a declaratory judgment be entered finding that the right-of-way known as Holbrook Road in the Village of Bentleyville, which abuts properties owned by the named defendants, was dedicated for public use under common law. This matter became an issue for the Village when it determined it needed unfettered access to Holbrook Road to make improvements and install utilities.
 {¶ 3} The Village first attempted to accomplish its goal without judicial proceedings and requested all abutting landowners to sign easements granting the Village such access. All abutting property owners in the Village signed the easements, except for the five named defendants, forcing the Village to file its complaint for declaratory judgment.
 {¶ 4} On October 17, 2005, Vince filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The Village responded with a brief in opposition, and then, on November 4, 2005, filed a motion for summary judgment. Vince's motion to dismiss was denied by the trial court on November 16, 2005, and on November 17, 2005, he filed a motion for summary judgment. He also filed a second motion to dismiss on January 25, 2006.
 {¶ 5} On January 26, 2006, summary judgment was entered in favor of the Village, which stated: "Holbrook Road is hereby declared a dedicated public right of way of sixty foot (60') width." The trial court denied Vince's motion for summary judgment and his second motion to dismiss. Vince now appeals asserting four assignments of error.[2]
 Motion to Dismiss {¶ 6} Appellant's first assignment of error challenges the trial court's denial of his motion to dismiss for lack of subject matter jurisdiction. He argues that the Village failed to join all necessary parties in its complaint, as required by R.C. 2721.12. This argument is without merit.
 {¶ 7} R.C. 2721.12 reads in pertinent part:
 {¶ 8} "[W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceedings. * * *, a declaration not sustain litigation against appellee and are not subject to this appeal. shall not prejudice the rights of persons who are not made parties to the action or proceeding."
 {¶ 9} Appellant argues that there were 18 landowners in Bentleyville whose property abutted Holbrook Road, but only five of them were made parties to this proceeding. He further asserts that the Village's theory of relief alleges that Holbrook Road was "dedicated" via an 1832 resolution by the Cuyahoga County Commissioners, which appellant claims included a description of a road more than six-and-a-half miles long, portions of which are outside the boundaries of the Village of Bentleyville. Appellant argues that any landowner of property that abuts the six-and-a-half mile stretch of road described in the 1832 resolution must also be joined in this suit as necessary parties. We disagree.
 {¶ 10} A trial court's ruling concerning dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/R Indus.,Inc. (1995), 101 Ohio App.3d 760, 762. This court has held that the "the absence of a necessary party is a jurisdictional defect and a declaratory judgment is precluded." Bretton Ridge Homeowners Club v.DeAngelis (1988), 51 Ohio App.3d 183, 185, citing Cincinnati v.Whitman (1975), 44 Ohio St.2d 58.
 {¶ 11} The reasoning behind the Bretton Ridge decision was to protect the legal interest of parties who are not, but should be, part of the proceedings, and to avoid piecemeal resolutions of ongoing matters. Id. Given that logic, all parties that were necessary to defeat a motion to dismiss on the pleadings were named by the Village in its declaratory judgment action.
 {¶ 12} Parties without any legal interest in the outcome of a declaratory judgment action are not necessary parties, pursuant to R.C.2721.12. Driscoll v. Austintown Assocs. (1975), 42 Ohio St.2d 263. All of the landowners in the Village with properties abutting Holbrook Road, other than appellant and the four other named defendants, granted the Village a 30-foot wide easement running from the centerline of Holbrook Road. Those easements resolved any issues of legal interest pertaining to the land involved in the declaratory judgment action other than for the properties of those five landowners properly named in the lawsuit. Thus, the declaratory judgment action does not affect the legal rights of any landowners in the Village with properties abutting Holbrook Road, other than the five named defendants.
 {¶ 13} The legal interests of the landowners with properties abutting portions of Holbrook Road who are non-residents of the Village are not affected by this declaratory judgment action. The Village's complaint was specific and requested that only a portion of Holbrook Road — that portion that is completely contained within the boundaries of the Village — be declared to be dedicated under the common law for public use. Non-residents will not be affected by, nor will they be able to challenge, the trial court's grant of declaratory judgment in this matter. This assignment of error fails.
 Summary Judgment {¶ 14} Appellant's final three assignments of error all challenge the trial court's summary judgment rulings. Because they are substantially interrelated, we address them together.
 {¶ 15} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 16} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 17} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 18} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 19} In his second assignment of error, appellant argues that summary judgment cannot be granted in favor of the Village on the theory of common-law dedication based upon an 1832 resolution by the Cuyahoga County Board of Commissioners. In his third assignment of error, appellant argues that summary judgment cannot be granted in favor of the Village on the alternative theory of common-law dedication "by user." Finally, in his fourth assignment of error, appellant argues that summary judgment should have been granted in his favor in light of the evidence in the record. All of these assertions are without merit.
 {¶ 20} Appellant's second and third assignments of error challenge the granting of summary judgment in favor of the Village. Besides challenging the logical basis of the trial court's decision, appellant also challenges certain documents provided in the record and argues that they should have been stricken and not considered by the trial court.
 {¶ 21} Our standard of review for such rulings is abuse of discretion by the trial court. See Abernethy v. Abernethy, 2003-Ohio-1528. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140.
 {¶ 22} The documents at issue here pertain to public and private records. The Ohio Rules of Evidence, specifically Evid.R. 803 and 902, provide that such evidence is permissible, and appellant has not presented sufficient arguments to hold them otherwise. The trial court did not err in considering all the evidence, thus we review the record in its entirety.
 {¶ 23} The trial court entered its summary judgment in favor of the Village on January 26, 2006 holding: "Holbrook Road is hereby declared a dedicated public right of way of sixty foot (60') width." On February 21, 2006, the trial court filed a judgment entry articulating specific findings against appellant stating:
 {¶ 24} "More specifically, the court finds, as set forth in the Village's Summary Judgment, that on or about July 8, 1832, county council resolved to create a road at a width of 60 feet with precise coordinates stretching from Chagrin River Road to Franklin Road in the original township of Solon, a road now known as Holbrook Road. Further, the road has been maintained as a public roadway since such time."
 {¶ 25} The trial court's findings are supported by the record, and a finding of summary judgment based on the theory of common-law dedication is not error. "A dedication is a voluntary and intentional gift or donation of land, or of an easement or interest therein for some public use, made by the owner of the land, and accepted for such use, by or on behalf of the public." Mastera v. Alliance (1987), 43 Ohio App.3d 120,120-121; 539 N.E.2d 1130; citing Becker v. Cox (June 10, 1985), Butler App. No. CA84-04-044, at 6-7. Such a dedication can be achieved by statute or common-law, as is the case here.
 {¶ 26} "Generally, in order to show that a street is common-law dedicated, it is necessary to demonstrate the following three elements: '(1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public.' Vermilion v. Dickason (1976),53 Ohio App.2d 138, 7 O.O.3d 98, 372 N.E.2d 608, paragraph one of the syllabus; accord Lessee of Fulton v. Mehrenfeld (1858), 8 Ohio St. 440, 446.'" Mastera, supra at 121.
 {¶ 27} In reviewing the record, we find that the Village has clearly established all three elements demonstrating a common-law dedication in this case. In 1832, the land at issue was controlled by Cuyahoga County. At that time, inhabitants of that land petitioned the county board of commissioners to build a roadway and offered to dedicate the portion of land needed to do so. In July 1832, the county board of commissioners resolved to create such a public roadway. In March 1833, after surveying was done toward developing this roadway, the county board of commissioners accepted a plan to establish a roadway 60 feet wide on a stretch now known as Holbrook Road. The road was thereafter created and declared a public highway. These facts satisfy the necessary element of common-law dedication, thus appellant's second assignment of error fails.
 {¶ 28} In addition, appellant's third assignment of error fails because the evidence also supports summary judgment on the theory of common-law dedication by user. Under this theory, the intention "to dedicate may be demonstrated by the use of the property by the public, with the mere silent acquiescence therein of the owner, for a period sufficient to warrant the inference of an intention to dedicate, provided that the owner should have had knowledge of the fact of such use." Mastera, supra.
 {¶ 29} The record clearly indicates that the Village has maintained Holbrook Road since 1832, which demonstrates dedication. Over the past two decades alone, the Village has performed numerous functions toward maintenance of a public roadway, including: excavating, underdraining, repairing, leveling, paving, surface treating, shoulder reconstruction, and lawn restoration. Appellant remained silent throughout this clear demonstration of public use. The basis of appellant's third assignment of error is without merit.
 {¶ 30} In his final assignment of error, appellant argues that the trial court erred in denying his motion for summary judgment. He again asserts that the Village has not established the dedication of a public right-of-way, thus he is entitled to summary judgment as a matter of law.
 {¶ 31} As demonstrated by our rulings above, we hold that the Village has clearly established such a right-of-way sufficient to support the trial court's summary judgment in favor of the Village. Appellant has not demonstrated any merit in his argument, and this final assignment of error fails.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 APPENDIX A
I. The trial court erred when it denied Mr. Vince's motion to dismiss for lack of subject matter jurisdiction where Bentleyville failed to join all of the landowners whose property abuts the right-of-way at issue.
II. The trial court erred in granting Bentleyville's motion for summary judgment based on Bentleyville's theory of common-law dedication grounded in an unrecorded 1832 resolution by the Cuyahoga County Board of Commissioners, where Bentleyville failed to produce admissible evidence in support of this theory, and where, moreover, no intent or offer to dedicate by Mr. Vince or his predecessors-in-estate could be deduced from such resolution.
III. The trial court erred to the extent it granted Bentleyville's motion for summary judgment based on Bentleyville's alternative theory of common-law dedication "By User," where Bentleyville failed to produce admissible evidence in support of this theory, and where, at any rate, the width of the easement was still at issue.
IV. The trial court erred when it denied Mr. Vince's motion for summary judgment on Bentleyville's theory grounded in the 1832 resolution, where no intent to offer or dedicate by Mr. Vince or his predecessors-in-estate could be deduced from such resolution.
[1] Vince is the sole appellant in this appeal. The four other named defendants did .
[2] Appellant's four assignments of error are included in Appendix A of this Opinion.
Appellant's four assignments of error are included in Appendix A of this Opinion